# SUPREME COURT

# SPECIAL TERM REPORTS.

### DECISIONS UNDER THE CODE COMMENCED.

## VOL. 3.  NO. 8.

JOHN W. MARTIN vs. WILLIAM A. VANDERLIP.

### Before WILLARD, Justice.

*It seems* that an affidavit to authorize a judge to make an order for the arrest of a Defendant, under section 156 of the code, must be positive, and must make out a *prima facie* case against the Defendant.

A motion on the part of the Defendant, under the 179th section of the code, to vacate the order for his arrest, will not be granted on an affidavit denying the Plaintiff's cause of action, or impeaching the Plaintiff by showing that he has sworn differently on another occasion.

*It seems* that the *principles* of the former practice as to affidavits to hold to bail, showing cause of action and counter affidavits remain the same under the code as formerly.

*It seems* that the 180th section of the code does not allow supplementary affidavits to be received on the part of the Plaintiff to supply a defect in the original affidavit to arrest the Defendant. The affidavits which a Plaintiff is entitled to use on a motion of the Defendant to be discharged, when the motion of the latter is founded on "affidavits or other proofs," are such as meet and repel such affidavits and other proofs.

If the Defendant moves to be discharged, on the ground of the *defects* of the original affidavit, the sole question is whether the affidavit thus assailed, authorizes the granting the order for an arrest.

*July* 24, 1848.—SCOTT, for the Defendant, made a motion to WILLARD, Justice, at chambers, in pursuance of section 360 of the code, to vacate the order which he had before made for the arrest of the Defendant. The motion was made on notice to the attorney for the adverse party. In support of the motion, he first read a copy of the affidavit of the

Plaintiff, on which the judge had granted the order of arrest. It was in these words :

*State of New York, Rensselaer County,* ss. : John M. Martin, late of New Orleans, state of Louisiana, late being at Saratoga Springs, in said county, being duly sworn, doth depose and say, that he lately, to wit, on the 15th day of May, 1848, entrusted and delivered to and deposited with William A. Vanderlip, at the city of New Orleans aforesaid, in which both deponent and Vanderlip reside, a package of good lawful money of the United States of America, containing twenty hundred and forty-eight dollars, in bank bills of solvent banks, and a check of one hundred dollars, of the value in all of the sum of twenty-one hundred and forty-eight dollars, the property of the said deponent, John M. Martin, for the purpose of being delivered by said Vanderlip, to Messrs. Payn and Harrison, of said city of New Orleans; and the said Vanderlip having obtained possession of said package and money, under the pretext and for the purpose of delivering the same to Messrs. Payn and Harrison, falsely and fraudulently converted the same to his own use, and for the purpose of cheating the said Plaintiff, embezzled the same ; that said Vanderlip did not and has not delivered said package and money, in the manner and to the persons above stated, nor has he accounted to deponent for the same, but has embezzled the same, and as deponent believes, has appropriated the same to his own use, and continues up to the present time to withhold and embezzle said money ; that after receiving said package and money, said Vanderlip did not deliver the same, but soon after left New Orleans and came to the north, to Saratoga Springs; that deponent followed him for the purpose of reclaiming said package and money, and found him at Saratoga Springs ; said Vanderlip is a non-resident of this state, and a resident of New Orleans, in the state of Louisiana ; and deponent says that after his arrival at Saratoga in pursuit of said Vanderlip, the latter became cognizant thereof, and made inquiries relative to how soon he could leave said village ; and deponent believes unless said Vanderlip shall be held to bail in an action by deponent against him for said embezzlement, said Vanderlip will depart this state, and deponent will be deprived of the remedy to which he is by law entitled ; and that the said William A. Vanderlip has not, in the knowledge or belief of this deponent, any real estate or visible tangible property in the state of New York. 　　J. M. MARTIN.

Sworn before me this 26th of June, 1848.

　　　　G. ROBERTSON, JR.,
　　　　　*Justice and Com'r of Deeds, Troy, N. Y.*

He next read the two following affidavits, copies of which were served on the Plaintiff's attorney, with the notice of motion in this cause. They are as follows:

## SUPREME COURT.

### JOSEPH M. MARTIN vs. WM. G. VANDERLIP.

*Saratoga county, ss.:* George G. Scott, of said county, being duly sworn says, that he has read the affidavit of William A. Vanderlip, the above Defendant in this cause, made and taken the 18th day of July, 1848, before Thomas G. Young, a justice of the peace, and which is hereto annexed; that deponent has read over the written examination before Joseph R. Plunkett, Esq., in the case referred to in the said annexed affidavit, and that the said annexed affidavit contains a true statement of what the above Plaintiff made oath to in such examination, so far as it purports to detail the same according to the best of the deponent's knowledge, recollection and belief, and as appears by the said written examination; that the venue is laid in said county.      GEORGE R. SCOTT.

Subscribed and sworn to before me the 19th day of July, 1848.

T. G. YOUNG, *Justice of the Peace.*

## SUPREME COURT.

### JOHN M. MARTIN vs. WM. A. VANDERLIP.

*Saratoga county, ss.:* William A. Vanderlip, the Defendant in this cause, being duly sworn, says that he has read the copy of the affidavit upon which the order of arrest in this cause was allowed, and which copy has been served upon this deponent at the time he was arrested in this cause; that this deponent has no knowledge that the package delivered to this deponent, as stated in said affidavit, contained any money or other valuable thing, and that the first time this deponent was made acquainted with that fact was at Saratoga Springs, in said county, when he was informed of the same at the office of the police justice; that the deponent does not distinctly remember that he delivered said package to Messrs. Payn & Harrison mentioned in said affidavit, or to either of them, nor does he recollect to whom he delivered the same; that deponent was the bearer at and about that time of a great number of packages, and has no doubt he delivered said package either to the said Payn or Harrison, or to some one of their authorized agents.

And deponent further says, that on or about the 25th of June last, the said Plaintiff testified under oath in substance before Joseph R. Plunkett, police justice of Saratoga Springs, in an examination before said justice

in the case of the people against this deponent on a complaint for embezzlement and larceny of the said money; that he did not know of his own knowledge, but only from the information of the person from whom he received said package, that it contained money or other valuable thing; and also that he did not, of his own knowledge, know that the said money had not been delivered at its proper destination; and deponent has not informed said Plaintiff, or any other person, that he ever knew or had reason to believe that the said package contained money or any valuable thing, and has never informed said Plaintiff, or any other person, that he did not deliver the same at its proper destination; and deponent has no recollection that the said package was marked "valuable."

Deponent further says, that he has come to the north the present season, to escape the warm weather, and to visit his friends and relatives.

Wм. A. VANDERLIP.

Subscribed and sworn on the 18th of July, 1848.

T. G. Young, *Justice of the Peace.*

The counsel for the Defendant cited §§ 179 and 180 of the code, and insisted that the Defendant was entitled to his discharge on contradicting the affidavit on which the order for the arrest was made.

WILLIAM L. AVERY, for the Plaintiff, insisted that the order for the arrest of the Defendant was granted upon a sufficient affidavit under section 156 of the code, and that it was not competent for the Defendant to contradict the positive affidavit of the Plaintiff; that the court never tried a cause on affidavit; that the practice under the code should be similar to the former practice, on holding to bail and showing cause of action, and cited Graham's Practice, 3d ed., 549.

WILLARD, Justice.—The affidavit on which the order for the Defendant's arrest was made, discloses a state of facts, giving to the Plaintiff a good cause of action against the Defendant for twenty-one hundred and forty-eight dollars, the property of the former received by the latter in a fiduciary capacity, and embezzled and converted to his own use. It shows, also, that the Defendant is an inhabitant of the State of Louisiana, and is now temporarily here, and is expected immediately to to depart. It is positive in its statements, and not by way of information or belief.

Upon this affidavit, and upon the Plaintiff entering into the undertaking required by section 157 of the code, I granted an order for the arrest of the Defendant, pursuant to §§ 155 and 156. The Defendant having been arrested by the sheriff, in pursuance of that order, applies now under section 779, to vacate the order of arrest, and the motion is founded princi-

pally upon his own affidavit, argumentatively denying the Plaintiff's cause of action, and indirectly impeaching the truth of the Plaintiff's affidavit.

It is insisted by the counsel for the plaintiff, that this affidavit of the Defendant is not such an one as is contemplated by the 179th section of the code, and that the practice under this branch of the code should conform to the former practice of showing cause of action.

The 156th section which allows a judge upon an affidavit to make an order for the arrest of the Defendant, does not state, except in a general way, what shall be contained in the affidavit upon which the order is to be granted; but as this is a substitute for an affidavit to hold to bail under the former practice, it seems to me that a judge should not grant an order for the arrest of the Defendant under the 155th and 156th sections, upon an affidavit less full and particular than was required under the former practice for the like purpose. It was well settled, both in England and in this state, that the affidavit to hold to bail must be *positive*, and not argumentative. (*Satterlee* v. *Lynch*, 6 Hill, 228, and note; 1 T. R. 83; 5 do. 364; 2 Burrows, 655; Archbold's Practice, vol. 1, 52, *et seq.*; where all the English cases are collected.) It cannot be possible that the Legislature intended that the liberty of the citizen might be taken away by an order founded on an affidavit which did not profess to set out even a *prima facie* cause of action. In the present case the affidavit was sufficient according to the former practice, and of course sufficient under the code. Indeed it has not been objected to on this motion.

In case a Defendant was improperly arrested or held to bail under the former system, in pursuance of a judge's order, and wished to be discharged; the practice was to apply to the court in which the suit was pending, to set aside or modify the order to hold to bail, and which application might be made to the court in the first instance, without asking the judge to vacate the order. (*Hart* v. *Butterfield*, 3 Hill, 455.) The 179th section of the code is the substitute for that practice. The section does not indeed say to whom the application may be made, whether to the officer who granted the order or to the court. But as the 360th section allows motions to be made to a justice out of court, in cases like the present, it is immaterial to inquire whether if the order to hold to bail had been made by a county judge; the application to vacate the order might be made to him; the application in the present case is to a proper officer.

The question then recurs as to the facts which must be stated to entitle the Defendant to a discharge of the order of arrest. The code is

entirely silent as to the grounds of such discharge; and I conclude, there-fore, that the former practice remains in force, except so far as it is modified by the code in matters of form. The practice was not to receive counter affidavits, when the indebtedness was sworn to posi-tively, as in this case. (*Jordan* v. *Jordan*, 6 Wend. 524; *Welch* v. *Hill*, 2 J. R. 100.) The English practice was still more stringent against receiving counter affidavits. (*Imley* v. *Ellisfern*, 2 East. 453.) Neither this court or the English courts would receive supplementary affidavits on the part of the Plaintiff to supply any defect in an affida-vit to hold to bail. (2 Douglass, 467; *Norton* v. *Barnum*, 20 J. R. 337.) The Defendant might show any matter in avoidance as an insolvent's discharge, or that he was privileged from arrest and the like. (2 East. 453; 6 Wend. 524.) The 180th section of the code which allows the Plaintiff, where the Defendant moves on affidavits or other proofs for a discharge, to oppose the same by affidavits, is not necessarily in conflict with the former practice. It applies only to cases where the motion for a dis-charge is founded on affidavits and other proofs, and not when it is based upon the defect of the original affidavit on which the order was made. If, then, the motion for a discharge is founded upon the *defect* of the original affidavit on the part of the Plaintiff, there is no author-ity in the code to supply that defect by supplementary affidavit. The 389th section of the code abrogates the present rules and practice of the courts in civil actions inconsistent with the code, but, when con-sistent with it, they are expressly continued in force. The *principles* which governed the practice with respect to affidavits to hold to bail, and showing cause of action, and in relation to vacating orders to hold to bail, are not inconsistent with the code, and are applicable to the practice under the corresponding provisions in it. Those *principles*, therefore, are not abrogated by the code, however much the *forms of procedure* may have been changed.

The affidavit of the Defendant in this case does not entitle him to a discharge of the order for his arrest. Without criticising the looseness of it in point of form, it comes in conflict with the well-settled prac-tice of the courts for a long series of years, forbidding such affidavit to be used. A different practice would be attended with great incon-venience. It would lead to the trial of every cause in which the De-fendant can be arrested upon the merits on affidavits, and it would be holding out great encouragements to Defendants to commit perjury in relief of themselves from special bail. (2 East. 457.)

The motion to vacate the order for the Defendant's arrest, must be denied.