## SUPERIOR COURT.

WILMERDING AND OTHERS agt. MOON impleaded with LEVY.

A defendant who has been arrested under an order in an action upon contract, and has not been bailed, may move to vacate the order at any time, before he has been charged in execution.

*At Chambers, December 8th*, 1852. Before OAKLEY, *Chief Justice ;* DUER, CAMPBELL, BOSWORTH, and EMMET, J. J. concurred. The defendant Moon moved to vacate the order under which he had been arrested, upon affidavits controverting those upon which the order had been granted. The action was upon *contract*, and it appeared that the plaintiffs had obtained a judgment and had issued an execution against the property of the defendant, and *these* facts were relied on as a bar to the motion. The application was also resisted upon the merits.

OAKLEY, Chief Justice.—I have consulted my brethren upon the preliminary objection raised upon the argument, and we are all of opinion that I am bound to entertain this motion and decide it upon its merits, as disclosed by the affidavits. The fact upon which the plaintiffs' counsel relied, in our judgment, are no bar to the application.

The only limitation of time which the Code imposes, is that which is necessarily implied in section 204, namely, that the motion to vacate an order of arrest *must* be made before the justification of bail, and with a single exception that I shall hereafter state, we think, it follows that so long as bail may be put in, the right to make the motion is unimpaired.

Wilmerding and others agt. Moon.

It is true that in Lewis agt. Truesdell, (3 *Sand.* 706,) in which we held that the motion was too late, the bail had not justified, but their undertaking had become absolute by the omission of the plaintiff to except, and the ground of our decision was that it is the perfecting of bail—whether by their justification or the absence of an exception is immaterial—that creates the estoppel. Although not within the letter, the case was plainly within the spirit and intention of the Code.

The perfecting of bail is an admission upon record that the order of arrest was justly made, but we cannot say that mere delay of the application to vacate the order is a conclusive admission of the same fact. An objection founded merely upon delay is in all cases addressed to the discretion of the court, and it would be a palpable abuse of that discretion to allow it *to prevail, where the question is,* whether a defendant shall be discharged from an unjust imprisonment.

Nor is the case at all altered by the facts that the plaintiff has obtained judgment and has issued execution against the property of the defendant. Where the right to arrest a defendant depends upon the nature of the action, and the facts constituting the right are set forth in the complaint,—as in actions for false imprisonment, malicious prosecution, breach of promise of marriage, &c.,—as the judgment establishes the truth of the facts it concludes the defendant from subsequently denying them, but when the order of arrest, as in this case, is founded solely upon extrinsic facts, not constituting the cause of action, as the judgment is no evidence of the truth of the facts, it leaves them just as open to explanation and denial as if it had never been obtained. The judgment is evidence that a debt is due to the plaintiff, but not that the defendant had been guilty of any fraud in contracting the debt, or endeavoring to evade its payment.

Whether I could entertain this motion if the defendant were now in confinement under an execution against his person, is not a question that can now be properly considered, but our decision is that an order of arrest founded upon extrinsic facts, may be vacated upon a proper application, at any time before

the defendant if not bailed, has been charged in execution. I have examined with attention the affidavits on both sides, and am satisfied that the defendant ought to be discharged.

Order of arrest vacated without costs.