# SUPREME COURT.

DANIEL CADY, President of the Oneida Central Bank, agt. JOHN EDMONDS and others.

The giving *bail* to the *sheriff*, by the defendant, to procure his discharge from immediate custody, does not estop him from subsequently questioning the right of the plaintiff to the *order of arrest*.

By § 204 of the Code, the motion to discharge the order of arrest may be made at any time before the justification of bail. This justification is that provided by §§ 193 *et seq.*, and has no reference to an acceptance of the bail by the plaintiff, in discharge of the liability of the sheriff, by an omission to except.

The decision in 1 *Duer*, 645, that the defendant is not precluded from moving, by a *judgment* in the action, if bail have not justified, approved.

If the Code does not restrict the right of the party to move to the time, during which the proceedings in the action are in *fieri*, then there is no limit to that right.

*Frauds* are various, and diversified in character and circumstances; and the plaintiff, in making application for an order of arrest, must specify and establish the *particular fraud* relied upon as the foundation of the order.

The plaintiff cannot, under the 205th section of the Code, set up a ground for retaining the order of arrest not put forth as the original ground of the order.

*Oneida Special Term, March, 1855.*

MOTION to discharge or vacate order of arrest, made by special county judge of Oneida county.

PHILO GRIDLEY and JOSEPH BENEDICT, *for motion.*
FROST & SPRIGGS, *opposed.*

W. F. ALLEN, Justice. It is objected, on the part of the plaintiff, that the defendants' cannot now move to vacate the order of arrest, for the reason that judgment has been perfected, and they have been charged in execution. But they have taken no steps in the cause since their arrest, affirming or recognizing the validity of the order. They gave bail to the sheriff, to procure their discharge from immediate custody; but this did not estop them from subsequently questioning the right of the

Cady, President, &c., agt. Edmonds and others.

plaintiff to the order of arrest. The only restriction to the right of the defendants to move to discharge the order is that provided by § 204 of the Code, which provides that the motion may be made at any time before the justification of the bail. This justification is that provided by §§ 193 *et seq.*, after an exception by plaintiffs pursuant to § 192, and has no reference to an acceptance of the bail by the plaintiff in discharge of the liability of the sheriff by an omission to except.

The superior court of the city of New-York have decided, at general term, (1 *Duer*, 645,) that the defendants are not precluded from moving, by a judgment, in the action, if bail have not justified; and with this decision I am satisfied.

The justification of the bail under the Code is made to take the place of putting in and perfecting bail under the former practice, as to its effect upon the rights of the parties arrested. Their laches did not deprive the defendant of his right to move, but action. on his part, directly affirming the validity of the order and the legality. of the arrest, was held, under the former practice, to estop the party from contesting the regularity or validity of the proceedings for his arrest; and the same effect is given to similar proceedings under the Code.

If a recovery of the judgment does not affect the rights of the parties, and render the order irrevocable, there is no reason why any other of the plaintiff's acts without any assent or act on the part of the defendants, should have that effect. If the Code does not restrict the right of the party to move to the time during which the proceedings in the action are in *fieri*, then there is no limit to that right. The effect of vacating the order of arrest, upon the execution already issued against and executed upon the person of the defendant, is not involved in the decision of this motion.

That question embraces other considerations which were not discussed upon this motion, and did not properly arise.

Among the grounds upon which an order for the arrest of a defendant, in an action upon a contract, may be made, is, that the defendant has been guilty of a fraud in contracting the debt, or incurring the obligation for which the action is brought.

(*Code*, 179, *sub*, 4.) Frauds are various, and diversified in character and circumstances; and the plaintiff, in making application for an order of arrest, must specify and establish the particular fraud relied upon as the foundation of the order.

The specific fraud put forth in the affidavit upon which the order in this action is based, consisted in the alleged false and fraudulent representations of the defendants, as to their pecuniary circumstances at the time of contracting the debt upon which the suit is brought.

The defendants contradict, and in their affidavits deny, the alleged representations; and the plaintiffs, in the affidavits in reply, do not claim that the representations and statements relied upon were made at the time the paper in suit was presented for discount, and discounted by them.

The affidavits would rather tend to deny circumstances from which a general fraudulent intent might be inferred, and these circumstances the defendants have had no opportunity to answer or explain.

The plaintiff cannot, under the 205th section of the Code, set up a ground for retaining the order of arrest, not put forth as the original ground of the order; and I must, therefore, lay out of view many, if not most of the circumstances principally relied upon by the counsel for the plaintiff to support the proceedings.

If the facts are true, and do, as claimed by the plaintiff, establish the fact that the debt was fraudulently contracted, any order I may make will not deprive him of his appropriate remedy; but it is too late to use them as the groundwork of an order of arrest in the action.

The motion must be granted.