O'Neil and others agt. Durkee.

That those sections of the old excise law, which prohibited the sale of all liquors in quantities less than five gallons without a license, are not repealed by the present act, but still remain in force.

The conviction and sentence of the special sessions should be affirmed.

[The decision was unanimous by the judges present, and is also said to be concurred in by the new judges, PAIGE and ROSEKRANS, of the same district.]

## SUPERIOR COURT.

DAVID O'NEIL and others agt. FREDERICK F. DURKEE.

A motion to *vacate* an order of *arrest*, must be made, if at all, *before the justification of bail*.

And the justification of *one* of two sureties, as bail, is not sufficient. Both must justify; and such justification is not complete until the judge has endorsed his allowance on the undertaking, and filed it with the clerk. Before this is done, the defendant is in time to move to vacate the arrest.

*Special Term, Feb.* 14, 1856.

THIS was a motion to vacate an order of arrest, under § 204 of the Code.

The defendant was arrested on the 21st of December, 1855. On the 22d December he gave bail, with the usual justification on the undertaking. On the 29th of December, the plaintiff excepted to the sufficiency of the bail.

On the 8th of January the defendant gave notice of justification for the 18th of that month. On the 17th of January defendant gave notice of the motion to vacate the order of arrest for the 28th of that month. On the 18th the attorneys for each party appeared at chambers, in pursuance of the notice of justification; and on motion of the defendant's attorney, the justification was adjourned by order of the court to the next day.

On the following day (19th) the attorneys for each party attended at chambers, and the defendant's bail were examined in the matter of the justification. The examination of one of the bail was signed, and was sworn to by him; but the other bail, on being examined, was found to be clearly insufficient; his deposition was not sworn to, and the justification of bail was further adjourned by order of the court, to the 23d of January.

What was done on that day does not appear; but there is no pretence that other bail has as yet been submitted.

On the 28th of January the motion to vacate the order of arrest was brought on pursuant to the notice aforesaid, and a preliminary objection is made that the defendant has precluded himself from the motion by the steps he has taken to justify his bail.

CHAPMAN & HITCHCOCK, *for plaintiffs.*

BRITTON & ELY, *for defendant.*

SLOSSON, Justice. By § 204 of the Code, a motion to vacate the order of arrest must be made, if at all, " before the justification of bail." The defendant is in time, if he makes the motion before the bail is actually perfected. The bail becomes perfect, if not excepted to by the plaintiff, within ten days after receiving from the sheriff a copy of the undertaking; and if that period expires, and the defendant has given no notice of motion to vacate the order of arrest, he is then too late. If the plaintiff gives notice of exception to the bail, they become perfect by actual justification, and the motion to vacate the arrest is in time at any period before such justification. The reason of the rule is, that the defendant, by permitting the bail to become perfect in the one case, and by actually perfecting them in the other, without, in either, taking the necessary steps to procure the order of arrest to be vacated before the bail becomes perfect, admits that the arrest was regular and on sufficient grounds. (*Lewis* agt. *Truesdell,* 3 *Sand.* 706; *Wilmerding* agt. *Moon,* 1 *Duer,* 615.) In the present instance, the plaintiff excepted to the bail within the ten days, and the defendant gave

O'Neil and others agt. Durkee.

notice of justification within the time allowed by law, (§ 193, Code,) and before the expiration of the time embraced in the last notice, gave the notice of the present motion to vacate the order of arrest.

On the day prescribed, on the notice of justification, both parties appeared, and one of the bail established his sufficiency by affidavit, but the other was found clearly insufficient, and the further justification was adjourned by the court. The bail, therefore, did not justify on the 18th. Both must justify; and it is not clear but that the omission of one to justify is fatal to both. Further time being given by the court would probably prevent this consequence. (*Archbold's Pr. p.* 89.)

But it is not the proof of their sufficiency merely, which constitutes the justification of bail. Such justification is not complete until the judge has endorsed his allowance on the undertaking, and caused the same to be filed with the clerk—until that is done, the bail is not perfected, and the sheriff is liable. (§ 196, *Code*, 1 *Arch. Pr.* 89.) Had the bail been actually perfected on the 23d of January, to which day the court adjourned the justification, a question might arise whether this motion, made on the 28th of January, would not be too late, though noticed for that day as early as the 17th of that month; but it is unnecessary to consider that question, as I do not understand the parties to allege that the justification has, in fact, ever yet taken place.

There is nothing, therefore, to preclude the defendant from making his motion, and the preliminary objection must be overruled, and the motion to proceed. Costs to abide the event of the motion.