## SUPREME COURT.

MICHAEL GAFFNEY & PATRICK GAFFNEY agt. ISAAC BURTON.

If a defendant believes his representations which he makes as to his ability to pay, before or at the time he purchases goods of the plaintiff, are true when he makes them, he is not guilty of any fraud, however false they may be in fact.

The *justification of bail*, mentioned in § 204 of the Code, means *upon notice* mentioned in §§ 195 and 196, *after* they have been excepted to by the plaintiff pursuant to § 192.

But a defendant cannot, on motion, have an order of arrest *vacated* after his bail have become *perfect*. And the bail become perfect, after justification upon notice; or until bail is procured that the plaintiff accepts without their justifying; or after *ten days* from the time specified in the order of arrest for the return thereof, if no exception is made by the plaintiff.

When no bail is given, the defendant may move to vacate the order of arrest at any time before he pays the judgment.

*Delaware General Term, July,* 1856.

*Present,* SHANKLAND, GRAY, MASON & BALCOM, *Justices.*

ON the 31st day of July, 1855, the plaintiffs issued a summons in this action to the sheriff of Oneida county, to recover $347.43, for goods sold and delivered by the plaintiffs to the defendant. On the same day the plaintiffs, upon the affidavit of one M'Nall, procured an order from one of the justices of this court, requiring said sheriff to arrest the defendant, and hold him to bail in this action in the sum of $700.

The order of arrest was granted upon the assumption that the defendant had been guilty of a fraud in contracting the debt, for the recovery of which the action was brought, or on the ground that the defendant had removed or disposed of his property, or was about to do so, with intent to defraud his creditors.

The sheriff arrested the defendant by virtue of said order, and served the summons in the action upon him, on the 1st day of August, 1855, on which day Lorenzo M. Taylor and Wm.

B. Taylor became bail for the defendant in the action for the amount required by the order of arrest; and on the same day the bail annexed their affidavits to the undertaking, stating that they were residents and freeholders, and householders of the state; and that they were severally worth, in property not exempt from execution, the sum of $700, over and above all their debts and responsibilities, owing or incurred by them. They also then acknowledged the undertaking. The sheriff thereupon discharged the defendant from arrest. The bail were not excepted to, and never justified in any manner except as before mentioned.

On the 18th day of August aforesaid, the defendant's attorneys served a notice of retainer in the action upon the plaintiffs' attorneys. The time to answer in the action was extended from time to time, by stipulation, until the 3d day of December, 1855, when an answer to the complaint was served. And on the 7th day of December aforesaid, the defendant, upon his own affidavit, and on the summons, complaint, order of arrest, and the affidavit upon which it was granted, and the plaintiffs' bill of particulars of their demand, gave notice of a motion to set aside the order of arrest, and to exonerate his bail in the action. The motion was made at a special term of the court held in Oswego county in January, 1856. The motion was opposed, and the plaintiff used affidavits on opposing the motion, other than the one upon which the order of arrest was granted.

The court vacated the order of arrest, and discharged the defendant and his bail from all liability by reason of said order, and awarded $10 costs of the motion to the defendant.

The plaintiffs appealed from the decision of the special term to the general term of this court.

WHITE & DANA, *for plaintiffs*
PHILO GRIDLEY, *for defendant*.

By the court—BALCOM, Justice. The affidavit upon which the order of arrest was granted fails to establish that the de-

fendant was guilty of a fraud in contracting the debt, for the recovery of which the action was brought. It does not show that the defendant knew that the representations were false, which he made as to his ability to pay before or at the time he purchased the goods of the plaintiff. If he believed his representations were true at the time he made them, he was not guilty of any fraud, however false they may have been. The information and belief upon which the charge is made in the affidavit, that the defendant had removed or disposed of his property, or was about to do so, with intent to defraud his creditors, is very unsatisfactory, and the whole charge is fully disproved by the defendant's affidavit. Nor do the additional affidavits on the part of the plaintiffs make a much better case for an order of arrest. The affidavits would not justify the continuance of the order of arrest, if the notice of the motion to vacate it had been given before the bail had become perfect. (*Martin* agt. *Vanderlip*, 3 *How. Pr. Rep.* 265.)

The plaintiffs' counsel insists that the defendant, by giving bail upon his arrest, who made oath at the time they executed the undertaking, to their ability and qualifications as bail, waived his right to object to the legality of the order of arrest. Section 204 of the Code reads, "A defendant may, at any time *before the justification of bail*, apply, on motion, to vacate the order of arrest, or to reduce the amount of bail." The justification mentioned in this section does not mean the affidavits of the sufficiency and qualifications of the bail, which the sheriff usually requires for his own satisfaction, when he takes bail upon the arrest of a defendant, and which the sheriff required and took in this case when he accepted the undertaking. It means the justification of bail *upon notice*, mentioned in §§ 195 and 196 of the Code, *after* they have been excepted to by the plaintiff pursuant to § 192 of the Code, and upon which justification the plaintiff may attend, and interrogate the bail as to their qualifications to be bail in the action. (*Cady* agt. *Edmonds*, 12 *How. Pr. R.* 197; 8 *id.* 213; *id.* 353; 1 *Duer*, 645; 3 *Sanf.* 706.) Thus far the decisions agree; but I am of the opinion those should not be followed that hold a defendant may move to va-

Gaffney & Gaffney agt. Burton.

cate the order upon which he has been arrested after his bail has become perfect.

The order of arrest specifies a time for the return thereof by the sheriff. (*Code*, § 183.) And by § 192 of the Code the sheriff is required, within the time limited by the order, to deliver the same to the plaintiff or attorney by whom it is subscribed, with his return endorsed and a certified copy of the undertaking of the bail. The plaintiff, within ten days thereafter, may serve upon the sheriff a notice that he does not accept the bail, or he shall be deemed to have accepted it, and the sheriff shall be exonerated from all liability. The sheriff, or defendant, upon the receipt of the exception to the bail, may give the plaintiff notice, and have the bail justify. (*Code*, §§ 193, 194, 195, and 196.) If the bail justify pursuant to such notice, the defendant cannot thereafter make a motion to vacate the order by which he was arrested. (*Code*, § 204.)

Prior to the Code, the defendant could not object to the sufficiency of the affidavit upon which the order to hold him to bail was granted, *after* his bail had been perfected. (*Gra. Pr. 2d. ed.* 164.) By the Code bail is perfected and accepted by the plaintiff, and the sheriff is exonerated from all liability, if the plaintiff *omits for ten days*, after the day named in the order for the return thereof, to give notice to the sheriff that he does not accept the bail. (*Code*, § 192.)

In *Lewis* agt. *Truesdell*, (3 *Sand.* 706,) the superior court of New-York city held, that an application to vacate an order of arrest, pursuant to § 204 of the Code, must be made *before the bail has become perfect*. That it must be made before the bail have justified, if excepted to ; *and if no exception be taken, then before the time for excepting has expired*. This rule is reasonable, and it should be upheld. It imposes no hardship upon the defendant. He can as well make his motion to vacate the order of arrest before the time for excepting to the bail has expired, when the same are not excepted to, as he can before they justify, if they are excepted to. And besides, it is highly proper that there should be a time in the progress of an action,

when the plaintiff will know that he will not afterwards be troubled with a motion to vacate the order for the defendant's arrest. (*See Stewart* agt. *Howard,* 15 *Barb.* 26.)

The case in 3 *Sandford,* before cited, is not in conflict with *Wilmerding* agt. *Moon,* (1 *Duer,* 645 ; 8 *How. Pr. R.* 213,) for the reason that the defendant in the latter case had not been bailed at all before he moved to vacate the order by which he was arrested. When no bail is given the defendant may move to vacate the order of arrest at any time before he pays the judgment in the action. If the plaintiff excepts to the bail, and thus puts the defendant to the trouble and expense of having his bail justify, or of procuring new bail, the Code extends the time in which the defendant may move to vacate the order upon which he is arrested, until his bail actually justify upon notice to the plaintiff, or until he procures bail that the plaintiff accepts without their justifying.

The defendants' counsel contends, inasmuch as there is no proof before the court that the sheriff has delivered the order of arrest to the plaintiffs, or their attorney, with his return endorsed, and a certified copy of the undertaking of the bail, (*Code,* § 192,) we should hold that the sheriff has not returned the order as required by the Code and the order itself. I think we should presume that the sheriff did his duty, and returned the order within the time therein specified for its return. But if no such presumption exists, the defendant gains nothing thereby, for the plaintiff must except to the bail within ten days after the return day *named in the order;* not within ten days after the order is actually returned by the sheriff to the plaintiff or his attorney, (*Code,* § 192,) or the bail becomes perfect.

I am satisfied the defendant did not move in time to vacate the order of arrest in this case. He was arrested and gave bail on the 1st day of August: the order was returnable the 6th day of August, and notice of the motion was not given until the 7th day of December following. Notice of the motion should have been given as early as the 16th of August, which was within the time the plaintiff had to except to the bail, and

before the bail became perfect, by reason of the plaintiffs' omission to except to the same.

The order of the special term, vacating the order of arrest, should be reversed, with $10 costs.

Decision accordingly.