SPENCER *a.* THE ROGERS LOCOMOTIVE WORKS.

*New York Superior Court; Special Term, September,* 1861.

ATTACHMENT.—EFFECT OF APPEAL.

After judgment for the plaintiff has been recovered in an action in which an attachment has been levied on defendant's property, defendant is not entitled to a discharge of the attachment on giving an undertaking, even though the execution of the judgment has been suspended by an appeal, which is still undetermined.

Motion to discharge an attachment.

In May, 1861, an attachment was issued in this action against the defendants, who were a foreign corporation, and the sheriff levied it upon property, which he now held.   Subsequently an order was made, that an inventory and appraisement of the property be made by the sheriff, under section 241 of the Code; but the attorney of the plaintiff waived the appraisement, and consented that the value should be deemed to be the sum of $700, which was much less than the demand in suit. The defendants, having delivered an undertaking under section 241 of the Code, now applied for a discharge of the attachment under section 240.   Before this motion, plaintiff had recovered judgment for his demand; and an appeal taken by defendant therefrom, was now pending and undetermined.

*Mr. Beach,* for the motion.

*F. N. Bangs,* opposed.

HOFFMAN, J.—I think the motion must be denied.   The theory of provisional remedies is, that they give some intermediate and conditional protection and assistance, before a judgment has defined the rights of the parties.   The judgment in this case, although appealed from, is a perfect absolute judgment, as if affirmed in the highest courts, with its enforcement arrested by the appeal.   In the case of an arrest, the applica-

tion for an order must be made before judgment (§ 183); in the case of claim and delivery, before answer (§ 206); in the case of an injunction, before judgment (§ 220)..

The motion to set aside an injunction may be made at any time before trial (§ 225); upon claim and delivery, the defendant may get back the property taken before its delivery to the plaintiff. Where the action is on contract, and the defendant has not been bailed, he may move to discharge an arrest even after judgment, before he is charged in execution. (1 *Duer*, 645.)

The language of section 240 admits of a construction, under which the present motion might be made after judgment. On the contrary, the form of the undertaking prescribed in section 241, implies a future anticipated judgment.

Section 232 directs the sheriff to keep the property seized, or the proceeds of what may have been sold, to answer any judgment which may be obtained in the action. By section 227, the property attached is to be as security for the satisfaction of such judgment as the plaintiff may recover. By section 237, in case judgment be entered for the plaintiff, the sheriff shall satisfy the same out of the property attached by him, by paying over the proceeds of any sales made by him, and the avails of any credits collected by him; and if execution has issued, by selling any other attached property. "When the judgment and all costs of the proceedings shall have been paid, the sheriff, upon reasonable demand, shall deliver over to the defendant the residue of the attached property, or the proceeds thereof.":

These provisions show quite clearly that, after judgment for the plaintiff, the lien has become consummated, and the right to satisfaction out of the specific property established, though satisfaction is suspended, in that it becomes then equivalent to an execution actually levied.

No such thing is known in the law as a redelivery of property levied upon, when an appeal stays further proceedings upon the levy.

I am of opinion that this application cannot be made after judgment.

Motion denied, without costs.