By the Court.—Sedgwick,
No authorities are cited that decide the question on this appeal, and it must be decided upon general principles. The plaintiff in this case, having, after his arrest in the action of Leitch against him, given bail, was entitled (Code Pro. § 187), to his discharge from custody, and the sheriff did discharge him. This discharge was a matter of right, which a prisoner is entitled to enjoy, at any time before execution. There seems to be no reason to think that it may not be exercised repeatedly in the same action, as often as he may, by surrender, or for other reason, be returned to custody.
Under the Revised Statutes, a defendant arrested had. the same right (2 R. S. 348, § 11 et seq.), and upon, his discharge,. the sheriff incurred a direct responsi *96 bility to the plaintiff, that the defendant"should put in special bail. If the defendant did not put in special bail, the enforcement of the sheriff ’ s responsibility was begun by entering a rule requiring the sheriff to put in special bail, within twenty days after service of notice of the rule. If the bail were not perfected within this twenty days, upon filing an affidavit of service of notice of such rule, another rule might be entered, that an attachment issue against the sheriff. In the proceedings upon such attachment the plaintiff’s rights were to be enforced, and the sheriff’s indemnity was the right to prosecute the bond given to him by the defendant, and recover all damages he might have sustained by the neglect of the defendant to put in special bail. A noticeable and primary part of this plan is that, so far as the immediate action was concerned, the discharge from custody was final between the sheriff and the defendant, and the plaintiff, thereafter, looked for his remedy in the premises, not to the defendant, but to the sheriff. The Code of Procedure did not disregard this notion of the sheriff’s duty and right, but modified it. It did not change the quantum of responsibility to the plaintiff. It did not lessen the defendant’s right to be discharged. It gave the sheriff a new power of protecting himself against defendant, by making him his bail, and therefore authorized him, under proper circumstances, to surrender or recapture the defendant. By section 186 of the Code of Procedure, the defendant, at any time before execution, shall be discharged from the arrest. By section 193 (lb.) the sheriff or defendant may give to the plaintiff notice of justification of the bail. By section 196 (lb.) if the judge find the bail sufficient, he shall indorse his allowance on the examination, “ and the sheriff shall thereupon be exonerated from liability.” By section 201 (lb.) “if, after being arrested, the defendant escape, or be rescued, or bail be not given, or justified, or a deposit be *97 not made instead thereof, the sheriff shall himself be liable as bail.” But he may discharge himself from such liability by the giving and justification of bail “at any time before process against the person of the defendant to enforce an order or judgment in the action.” By section 203, the bail taken upon the arrest, unless they or other bail justify, shall be liable to the sheriff for damages which he may sustain by reason of such omission.
It is evident that the sheriff had two diverse obligations, one to the defendant arrested, and the other to the plaintiff. These are not altogether correlative, although at certain points they may be. The fact of giving sufficient bail by the, law as it stood before the Revised Statutes; by the Revised Statutes, and by the Code of Procedure, entitled the defendant to be discharged, and the sheriff was indemnified by the sufficiency of the bail. This is an affirmative, positive right, and it should be guarded on grounds of public policy, as well as of private law. The statute should not be, if it can be avoided, construed so as to attenuate it to an insignificant or formal privilege. What is the substance of this right if, immediately after the. discharge, the sheriff becomes bail for him in such a sense that he may forthwith, as other bail may, re-arrest the defendant % I say this only for the sake of construing the statute in other parts. The learned counsel for the respondent did not claim that the sheriff would have such a right. Such being the rights of a defendant arrested, a point must be found when that right is brought, by the law, to an end. Statutes of this kind are to be construed in favor of the defendant, .when it is possible at the same time to give the statutes a complete interpretation. That point is indicated by the words of section 201, “ if the bail be not given or justified the sheriff shall himself be liable as bail.” These words are not full or' explicit, and the implications *98 of the phrase “if the bail be not justified” must be considered. The right of the sheriff to' re-capture, growing from his power as bail, must be shaped and conform to the other equally certain right' of the defendant to remain at large, after he has given sufficient bail. The words refer to the proceeding toward justification prescribed in the previous sections, and mean, if the bail do not justify in it. In a literal sense, the bail do not justify at any time before they are required to justify ; but the real sense is, when they do not justify, as required by the law and practice of -the proceeding, and there must be some default or failure on their part in this regard. It is the common practice to have justification of sureties adjourned from time to time. Does the sheriff have the right to re-arrest, unless the allowance of the judge is given on the day first noticed for justification (See Overill v. Durkee, 2 Abb. Pr. 383). But it is argued that this right of adjournment should not be exercised indefinitely, to the injury of the sheriff' or at his risk. It may be assumed that the sheriff should not be imperiled by an unreasonable delay, but the remedy is to have relief from the consequences and the character of the delay. Certainly, if the delay, although requested by defendant, is consented to by the plaintiff, there can be no inference that the sureties have failed to justify, or that they are not sufficient; and the result, at most, would be that it would be unreasonable and not within the meaning of the statute, for the sheriff to be held by the plaintiff as bail. This would relieve him as bail, and would not authorize an arrest by his power as bail.
The, sheriff must show the sufficient cause of rearrest ; that is, he must show that he has become bail. He must therefore show that the sureties failed,to justify, or that there was a default, in this respect. The mere lapse of time will not show this. This obligation is grounded upon the meaning of section 201, but it *99 arises upon the general duty to show sufficient and legal cause for depriving a man of liberty. In this case, the only justification shown was a remand upon the original undertaking. This was not enough. It only showed that the plaintiff had once given bail and had been discharged. It was necessary to show, in addition, that the sureties had failed to justify. Suppose an undertaking, after the remand, had been offered with the same sureties, what could the sheriff have given as reason for not enlarging the prisoner ? They were presumed to be sufficient, he having once passed upon that. He could not correctly say that they had failed to justify. The sheriff had, or might have done all that the statute required him to do, to relieve himself from responsibility to the plaintiff in the first instance. He would come under responsibility as bail for rthe first time upon the sureties showing their insufficiency, and not justifying. In this case, it is manifest that the plaintiff could never hold the sheriff as bail, so long as they voluntarily adjourned the justification. If this be so, is it possible that he should have no liability as bail to plaintiff, and yet have power as bail to arrest defendant, who is plaintiff here ?
All this implies that the sheriff must take the trouble to keep himself informed of the condition of the proceeding for justification. ' This is necessarily his duty. If he voluntarily acts in the capacity of bail, for the purpose of arresting a man, necessarily, he must show that he is bail. It is his personal and direct interest to do so, and the law has given him specific power to become a party to the proceeding; for he may himself give notice of justification, and if the sureties do not appear and do not justify, he may at once arrest the defendant.
The answer in this case makes the issue, in one form at least, on which the rights of the parties turn. It alleges that the “ said bail neglected to justify as by *100 law required.” There was no such neglect. The facts speak to the contrary.
With these results, it must be held that the notice given by the sheriff’s deputy to the defendant’s, now plaintiff’s attorneys, “that I shall expect the undertaking upon arrest, in the above entitled action, approved of at once, either by the judge on justification or by the plaintiff’s attorney,” had no effect upon the plaintiff’s rights. It did not increase the sheriff’s power and make him bail and authorized to surrender. A failure to answer it did not make it the more efficient. It is not necessary to decide that it could, not be evidence for some purposes, in a supposable condition of affairs.
. When it was admitted in testimony, the facts that appeared in evidence in regard to the reply made by this plaintiff’s attorney, required a submission to the jury whether as matter of fact- that reply reached the deputy who signed the notice. That reply would have informed the deputy that the plaintiff’s attorneys, in Leitch against the present plaintiff, had made a stipulation adjourning indefinitely the notice of justification of the sureties, and therefore the sureties had not made default in justifying. The stipulation was in form a consent that the defendant have five days after the decision of the motion to vacate the order of arrest, within which time to serve notice of his justification of his bail herein.
This reply was not of the kind of notices prescribed by law which must be served either upon the sheriff personally or at the office designated by the sheriff, under the statute. It referred to the personal and private relation of the sheriff to the then defendant. Whatever benefit the sheriff might claim from the notice signed by his agent, the dpputy, he must claim subject to the answer made to his agent. There were *101 facts tending to show that the answer reached the agent, and, at least, that was for the jury to pass upon.
I therefore think that the jury should not have been directed to find for the defendant upon the trial in this action, and that, as the case stood, the damages of the plaintiff should have been assessed.
Judgment reversed and new trial ordered, with costs of the appeal to the appellant- to abide event.
Speir and Freedman, JJ., concurred.