Mosher *v.* The People.

---

SAME TERM.   *Before the same Justices.*

MOSHER *vs.* THE PEOPLE, *ex rel.* Child.

An affidavit made by a creditor, or an indifferent person, for the purpose of obtaining a warrant for the arrest of a debtor, under the 3d section of the act to abolish imprisonment for debt, &c. must contain a positive averment as to the truth of the facts and circumstances which are relied upon as the foundation of the warrant.

The facts and circumstances must be of such a character as to tend to prove the ground on which the process is asked for.

The intent of the debtor may be stated on the belief of the creditor, or his agent, when the requisite facts and circumstances are positively proved.

It *seems* that in forming his judgment that the allegations of the applicant are established, and that the debtor has done, or is about to do, any of the acts specified in the 4th section of the act, some weight is due to the omission of the debtor to answer or explain the facts and circumstances relied upon, if they appear to have been within his personal knowledge.

THIS was a certiorari issued under the act to abolish imprisonment for debt, and to punish fraudulent debtors, passed April 26, 1831, to reverse an order made by T. J. Marvin, Esq. then first judge of Saratoga county courts, committing the plaintiff in error to jail, for fraudulently concealing property. The proceedings were instituted under the said act on the 28th of June, 1847. The affidavit of the attorney of the judgment creditor, after setting forth a judgment for above fifty dollars against Mosher, for which he could not be arrested or imprisoned, stated that on the 5th of June, 1847, an execution was issued upon the judgment against Mosher to Zimri Lawrence, a deputy sheriff of said county; that no part of said judgment has been paid, " and that *as he is informed and believes,* the said Mosher has property and rights in action which he fraudulently conceals and unjustly refuses to apply to the payment of said judgment, as will appear by the affidavit of said Lawrence annexed;" and that the demand on which the judgment was obtained, accrued previous to the year 1842. The affida-

Mosher *v.* The People.

vit of Lawrence states that on the 23d of June, 1847, he called on Mosher at his residence in Stillwater, with the execution aforesaid, informed him of the execution, and asked if he had any property to apply on it, or which would be liable thereto. That Mosher replied that he should not inform the deponent. The deponent found on the farm on which said Mosher resided a span of three years old colts, driven by Mosher the preceding winter, a one horse wagon, and a single harness. Mosher, though requested, refused to inform the officer who was the owner of the said property, and directed a young man of whom the officer made inquiries, to make no communications on the subject. That Mosher is a farmer, and during the last year occupied a farm of his father-in-law in Saratoga, and there resided in the house of one Baker, hiring rooms therein, and is not engaged in any regular business; that the deponent was informed that one of the colts belonged to Baker. Mosher expressly refused to turn out property on the execution, but did not deny that he had property, but declared he would not pay that execution. On the 26th of June, the officer again saw Mosher, who asked the officer when he was coming down, to which the latter replied, "some time in the present week." Mosher then said the deponent would look well selling other people's property. The judge issued his warrant on the 28th of June, on which Mosher was arrested and brought before him in pursuance of the 6th section of the act, but he declined controverting the facts and circumstances on which the warrant was issued. The judge thereupon decided that the complaint was substantiated, and that the said Joseph Mosher had property and rights in action which he fraudulently concealed and unjustly refused to apply to the payment of the said judgment. He thereupon issued his warrant of commitment, under the 9th section of the act.

*W. L. Avery,* for the plaintiff in error.

*W. A. Beach,* for the defendants in error.

Mosher *v.* The People.

*By the Court,* WILLARD, J. The plaintiff in error insists that sufficient facts are not stated in the affidavits of Beach and Lawrence to confer jurisdiction upon the judge, as it is only alleged on *information and belief* that Mosher had property and rights in action fraudulently concealed, &c.

In the case of *Collamer* v. *Elmore,* decided by this court in May last, all the cases on the subject of warrants issued under the act to abolish imprisonment for debt and under our attachment laws were examined. In that case, the question arose in an action of assault and battery and false imprisonment, in which the defendant sought to defend himself under a warrant issued by a supreme court commissioner, under the same sections of the act by virtue of which the present warrant was issued; and a majority of the court held the warrant no protection, because the applicant merely swore that the original defendant had certain credits, as he was *informed and believed,* which he unjustly refused to apply. I thought the warrant sufficient to protect the *party,* whatever might have been the fate of it if tested by a certiorari. A majority of the court thought otherwise, and their opinion was based mainly upon the fact that the affidavit of the creditor did not disclose "any facts and circumstances," beyond his *information and belief,* of the existence of those credits. The present case is different from that, inasmuch, as we have the additional affidavit of the deputy sheriff, deposing to facts and circumstances which lay the foundation for the belief that the judgment debtor, a short time before, was the owner of a span of colts; that he had parted with them to some one; and that the consideration for which they were sold existed in the hands of some body, in the shape of an indebtedness therefor to the judgment debtor; and that he refused to apply the avails of such property on the execution, but fraudulently concealed the same. These facts and circumstances justified the attorney in swearing to his *belief,* that the judgment debtor had rights in action which he fraudulently concealed and unjustly refused to apply on the debt, and he refers expressly to the affidavit of the deputy as the ground of that belief. The debtor had an opportunity to

VOL. V.			73

Mosher v. The People.

controvert these facts and circumstances, by his own oath or otherwise, but refused to do so. Every intendment, therefore, should be made against him, that can be legitimately drawn from the facts disclosed. If, for example, he had never owned the colts, or if the avails of them had been applied to the payment of some other debt, or had been consumed in the support of his family, the fact was within the debtor's own knowledge, and there is no hardship in presuming against him, if he refuses to give the requisite explanation or denial. The foregoing views are substantially conformable to the opinion of Bronson, J. in *The People* v. *The Recorder of Albany,* (6 *Hill,* 429, 431.) In that case, however, the proceeding was based solely upon the affidavit of the creditor, which was deemed defective because it stated the debtor's property and rights in action in the alternative : thus, "that the debtor has rights in action, *or* some interest in some public *or* corporate stocks, money, *or* evidences of debt." The affidavit therefore, presented no distinct allegation on which an issue could be taken, nor could perjury be assigned upon it.

An examination of the cases which have been reviewed in this court by certiorari, will enable us to extract the rule which should govern in these summary proceedings. In *Talman* v. *Bigelow,* (10 *Wend.* 420,) the certiorari was to a justice's court, brought to reverse his proceedings in granting an attachment, under 2 *R. S.* 230, § 28. And they were reversed because the creditor merely swore from "*reports and information,*" and the two witnesses "*that they had been informed,*" &c. In *Smith* v. *Luce,* (14 *Wend.* 237,) the proceedings before a justice in awarding an attachment under the act of 1831 (the non-imprisonment act) were reversed, for the sole reason that the grounds of complaint were stated upon the *belief* of the party, without setting up the *facts and circumstances* on which that belief was founded. In the *Matter of Faulkner,* (4 *Hill,* 598,) the question arose on a motion to set aside an attachment granted by a circuit judge under the act relative to absconding debtors. The motion was denied, because facts and circumstances were stated in the affidavit tending to establish the

Mosher *v*. The People.

grounds of the application, and fairly calling on the officer for an exercise of his judgment on the *weight* of the evidence. The court held that in such case, though he erred in his estimate of it, the proceedings were not void for lack of jurisdiction. In *Ex parte Haynes*, (18 *Wend.* 611,) proceedings under the same act were set aside because the affidavits were upon information and belief. And in *Ex parte Robinson*, (21 *Wend.* 671,) the proceedings were reversed on certiorari, although the deponents swore positively to the requisite fact, but did not disclose *the facts and circumstances* upon which the general affirmation was predicated. (*See also Connell* v. *Lasscells,* 20 *Wend.* 77.) In *Fulton* v. *Heaton,* (1 *Barb. Sup. Court Rep.* 572,) this court held an affidavit sufficient to justify an attachment, when it stated positively the facts and circumstances, with respect to the debtor's intent to leave the county and go to Canada, although the intent of the debtor was sworn to only from belief. It was so held also in *Johnson* v. *Moss,* (20 *Wend.* 145.)

From the foregoing cases we may extract the following rules : 1. That an affidavit, made by the creditor or an indifferent person, must swear positively to the facts and circumstances which are relied upon as the foundation of the warrant. 2. That the facts and circumstances must be of such a character as to tend to prove the ground on which the process is asked for. 3. That the intent of the debtor may be shown by the belief of the creditor or his agent, when the requisite facts and circumstances are positively proved. And to these, it is believed, we may add, 4. That in forming his judgment that the allegations of the applicant are established, and that the defendant has done or is about to do any of the acts specified in the 4th section of the act, some weight is due to the omission of the defendant to answer or explain the facts and circumstances relied upon, if they appear to have been within his personal knowledge.

Tested by the foregoing rules the decision of the commissioner was right in this case, and should be affirmed.(*a*)

Decision of the first judge of Saratoga common pleas affirmed.

(*a*) See *Broadhead* v. *McConnell*, (3 *Barb. Sup. Court Rep.* 176,) as to the insufficiency of an affidavit founded on information and belief.