By the Court. Oakley, Ch. J.
There are two questions which arise upon this appeal. In the first place, can supplemental affidavits be introduced in support of the original affidavits, upon which a warrant of attachment is issued, where a motion is made to set the warrant aside ? and secondly, is there sufficient shown, upon the affidavit in this case, to justify the Avarrant?
As to the first point, we entertain no doubt as to the right -to introduce supplemental affidavits. The cases under the code are different from those which have arisen under the revised statutes, where the jurisdiction of the court depended upon the facts set up in the affidavits on which the warrant was granted. The supreme court, in this district, have decided, that the introduction of supplementary affidavits, in support of the original *704 application, is proper, and in that opinion we concur. (Morgan v. Avery, 2 Code Reporter, 92, 121.)
As to the other point, we think, the two affidavits taken' together are sufficient to sustain the warrant of attachment. We will avail ourselves of this occasion to state the views by which we shall be governed in granting these warrants.
We consider it proper in a remedy of so grave a character as the attachment, in effect, tying up of the entire property of a party pending a suit, that the affidavit upon which the proceeding is authorized,, should be explicit, and made in general, upon positive knowledge of the deponents, so far as to establish a primá faxiie case. In general, there is no difficulty in obtaining the affidavits of the persons who give the information, on which the plaintiff desires to proceed; and when such affidavits cannot be obtained from the peculiar circumstances of the case, those circumstances must be stated, with all the grounds of suspicion, so as to satisfy the judge that the facts exist on which .the attachment is sought, and that the plaintiff has produced the best evidence in his power to establish them.
All the justices of this court concur in the rule which we have now declared.
Appeal dismissed.