## BULL *a.* MELLISS.

*Supreme Court, First District; General Term, May,* 1859.

FIDUCIARY CAPACITY.—LIABILITY OF PARTNERS TO ARREST.[*]

The firm in which M. was a partner, received funds belonging to the plaintiff, from the plaintiff's agent, having been previously requested by the plaintiff to remit the same, when received, to him. They remitted a bill of exchange on a branch of their house, payable at sixty days after sight. The bill was accepted and delivered to the plaintiff, but the defendants failed before maturity, and the bill was unpaid.

*Held,* that M. was liable to arrest in an action against the firm to recover the funds.

Appeal from an order vacating an order of arrest.

The defendants in this action were the partners engaged in business both in this city and in Nottingham, England, under

---

[*] WETMORE *a.* EARLE.—*Supreme Court, First District; Special Term, December,* 1858.—This was an action against Edward S., John H., and Francis S. Earle, who were copartners, to recover from them a balance due on a number of notes given by them to the plaintiff, on the purchase from him of merchandise upon credit. The plaintiff caused the defendant, Francis S. Earle, to be arrested on the ground of fraud in contracting the debt on which the action was brought. The affidavit on which the order of arrest was granted, set forth the transactions between the parties, and alleged that the defendant John H., who made the purchase on behalf of the defendants, induced the plaintiff to make the sale by means of certain false representations as to the solvency of defendant's firm. On a motion made by the defendant Francis S. to vacate the order of arrest against him, the court directed a reference to Hon. Lucien Birdseye, to ascertain and report the facts.

The referee reported that whatever might be the other facts, Francis S., the defendant arrested, was wholly innocent of any fraud, and did not know or consent to any misrepresentation by his copartner.

*Albert Cardozo,* for the motion.

*Mr. Emerson,* opposed.

DAVIES, J. (after consulting with Mr. Justice Ingraham),—*Held,* that a partner was not liable to arrest for the fraud of his copartner, and that the defendant must be discharged.

the firm of Melliss & Ayers in New York, and Ayers & Melliss in Nottingham. Their transactions were very large, and the credit of the houses good.

In the summer of 1857 the plaintiff had an agent here, who collected for the plaintiff the sum of three thousand eight hundred and sixty-one dollars, and by the plaintiff's direction this was paid into the hands of the firm of Melliss & Ayers, plaintiff having already written to them, notifying to them his intention so to do, and requesting them to remit the funds, " less commissions, by draft, payable to my (the plaintiff's) order, or in such other way as you (the defendants) may think best, and upon which I can speedily realize the amount." The defendants remitted their own bill of exchange at sixty days for £793 on Ayers & Melliss, of Nottingham. The bill was accepted September 14, 1857. On October 7, the New York firm failed, and on the 23d October the Nottingham firm also failed, leaving this acceptance for £793 unpaid.

The plaintiff obtained an order of arrest against the defendant Melliss, upon an affidavit in the following form:

[*Title of the cause and venue.*]

" W. B. Bull being duly sworn says, that he is the plaintiff in this action, and is an attorney at law, residing at" &c., " and that the above defendants were, during the times hereinafter mentioned, copartners doing business under the name, firm, and style of Melliss & Ayers. That, theretofore, to wit, on or about," &c., " at," &c., " the deponent placed in the hands of the defendants as agents of the plaintiff, and they received from him as such agents the sum of," &c., " belonging to the plaintiff, to be forwarded by them, and paid to the plaintiff in England, which they, the said defendants promised and agreed to forward, and pay over to the plaintiff as aforesaid.

" Deponent further says that the said defendants have wholly neglected and refused to pay to the plaintiff said sum so intrusted to the defendants, or to forward the same to the plaintiff, or any part thereof, and that the same has been demanded by the plaintiff from the defendants, and that the said defendants have applied and converted the same to their own use."

[*Jurat.*]

The defendant Melliss having been arrested, now moved on his own affidavit to vacate the order. His affidavit alleged that previous to receiving the plaintiff's letter, he had had no acquaintance or dealing with the plaintiff; that as soon as the moneys were received, they remitted according to their usual and invariable custom their bill of exchange on their Nottingham house; that the bill was accepted by the drawees, and was delivered to and received by the plaintiff as payment of the moneys deposited; that at the time of the acceptance and delivery of the bill the defendants were in good standing and credit, and that after the date of the acceptance, Ayres & Melliss paid all their acceptances as they fell due, to the amount of over two hundred and fifty thousand dollars, and all other indebtedness, until their suspension on the 24th of October. The deponent further alleged that he never received personally any of the money, and that the Nottingham house had from the time of the acceptance of the bill, till about the time of their suspension, funds of the New York house to a much larger amount than the bill.

The plaintiff opposed the motion with a counter-affidavit, tending to show that the plaintiff had objected to having the bill sent him, and had requested payment of the money.

At chambers the motion to vacate the order of arrest was granted.

The plaintiff appealed to the general term.

*W. E. Curtis*, for the appellant, cited White *a.* Platt, 5 *Den.*, 274; Howard *a.* Homer, 1 *Code R., N. S.*, 406; 6 *How. Pr. R.*, 88; Stoll *a.* King, 8 *How. Pr. R.*, 300; Burnham *a.* Corey, 4 *Sandf.*, 707; Hawkins *a.* Appleby, 2 *Ib.*, 428; *Story on Partn.*, § 108; *Collyer on Partn.*, § 240; Strong *a.* Stevens, 4 *Duer*, 668; Donohue *a.* Henry, 4 *E. D. Smith's C. P. R.*, 162.

*Shea & Richardson* and *J. M. Van Cott*, for the respondents.

By THE COURT.—ROOSEVELT, P. J.—The defendants need not have taken charge of the funds, but having done so, I think it was a breach of trust instanter to remit a bill on themselves at sixty days—in other words, a promissory note, taking a loan of the money without authority.

INGRAHAM, J.—concurred.

PRATT, J. (dissenting).—It appears to me that there is no pretence in this case that the defendants were to pay the identical money deposited; and that they were at liberty to use the money in any way they pleased, entering into an ordinary contract that their firm in England should pay the amount. Brown Brothers, and other houses, give letters of credit in such cases every day, and certainly could not be held to arrest for fraud in case of failure.

Order appealed from reversed without costs.

---

## THE FARMERS' LOAN AND TRUST COMPANY *a.* DICKSON.

*Supreme Court, First District; At Chambers, August,* 1859.

NOTICE OF ACTION PENDING.—PARTIES.—SERVICE AND PROOF OF.—SUMMONS.

A notice of action pending does not become operative until actual service of summons upon the defendant.

After the notice of a foreclosure action pending had been filed, but before the summons had been served upon the defendant L. who was proceeded against as owner of equity of redemption, L.'s deed to third parties, which was dated and acknowledged before the filing of the notice, was put on record; and L. was afterwards served.

*Held,* that L.'s grantees were necessary parties to the action, and that they not having been joined, the purchaser at the sale should be discharged.

*It seems,* that though a certificate by the sheriff of A., of the service of process in the county of B., is no proof of service, the judgment and sale may be sustained against the purchaser's motion to be discharged, by allowing an affidavit of service to be filed *nunc pro tunc.*

*It seems,* that though a summons on which the attorney's name is not subscribed, but printed, should be deemed a nullity, yet the copy served being correct, the plaintiff should be allowed, *nunc pro tunc,* to file a copy signed.

Motion by a purchaser at a judicial sale, to be discharged.