## SUPREME COURT.

Ziba Coman agt. Jacob S. Reese and William F. Allen.

Where *one* of the members of a copartnership *fraudulently* contracts a debt in the purchase of property for the use of the firm, for which he is liable to *arrest, all the members* of the copartnership are also liable to *arrest* for the same fraud, although they were *ignorant* of it.

*Broome General Term, May*, 1861.
*Present*, Balcom, Campbell and Parker, *Justices.*

.Coman agt. Allen.

This was an appeal from an order made at the December special term of this court, held in Onondaga county in 1860, denying the motion of the defendant, Allen, to vacate the order of arrest as to him, with $10 costs.

The order of arrest was granted by the county judge of Madison county, in October, 1860. It required the sheriff of that county to arrest the defendants and hold them to bail in the sum of $300.

The affidavits, on which the order was obtained, showed that the plaintiff had a cause of action against the defendants, for the price of some cattle he had sold and delivered to them.

The affidavits also showed that the defendants were partners in the butchering business in the county of Madison; that the defendant Reese, purchased the cattle of the plaintiff, in the absence of the defendant Allen; that Reese fraudulently represented to the plaintiff at the time he purchased the cattle, that the defendants were the owners and possessed of property, and were perfectly good and able to pay for the cattle at any time; that Reese knew such representations were false, but that the plaintiff did not know they were false, but believed they were true, and relied upon them in selling and delivering the cattle to the defendants on credit.

The affidavits showed that Reese was guilty of a fraud in purchasing the cattle; and as he purchased them on credit for the defendants, and as they had the cattle and butchered them as partners, the question was presented, whether Allen as well as Reese, was liable to arrest for the fraud practiced by Reese in the purchase of the cattle.

L. T. Bentley, *for plaintiff.*
J. Sterling Smith, *for defendant Allen.*

By the court, Balcom, P. J. The defendant may be arrested, when he has been guilty of a fraud, in contracting

the debt, or incurring the obligation for which the action
is brought. (*Code*, § 179, *sub*. 4.) The question in this
case is whether the defendant Allen is liable to arrest for
the fraud his partner Reese, was guilty of in purchasing the
cattle. Reese was acting in the legitimate business of the
partnership when he purchased the cattle of the plaintff on
credit. The cattle came to the hands of the defendants and
were slaughtered by them as partners. It is, therefore,
clear that the plaintiff could have avoided the contract of
sale of the cattle by reason of the fraud of Reese, and main-
tained trover for them against both defendants. (*See
Hawkins* agt. *Appleby*, 2 *Sand. S. C. R.*, 421; 1 *Hill*, 311.)
In *Hawkins* agt. *Appleby*, it was held, where goods are
obtained for the use of a firm, by means of the fraud of one
of its members, the other partner, by receiving and partici-
pating in the use of the goods, will be held to have adopted
the fraudulent act of the one who obtained them, and will
be placed in the same situation in reference to the rights
of the vendors of the goods, as if he had directed his part-
ner to procure the property, or had concurred with him in
the transaction. The principle is elementary that all the
members of a firm are liable in a civil action for the frauds
committed by one partner in the course of the transactions
and business of the partnership, even when the other part-
ners had not the slightest connection with, or knowledge
of, or participation in the fraud. (*Story on Partnership,*
§ 108.) Allen as well as Reese contracted the debt for the
cattle; and each, (for the purposes of this action,) was
guilty of a fraud in contracting it. The superior court of
New York city decided in *Townsend* agt. *Bogart*, (11 *Abb.*,
355,) that in an action in the nature of an action on the
case against partners for obtaining goods from the plaintiffs
by fraud, a partner who did not participate personally in
the fraud, is liable to arrest as well as those who did. I
approve of that decision, and think we should follow it. I
am, therefore, of the opinion that the defendant Allen must

be deemed guilty of a fraud in contracting the debt for the cattle as well as his partner and co-defendant Reese. It follows that the order appealed from should be affirmed with $10 costs.

Decision acccordingly.