## SUPREME COURT.

### George G. Mecklin and Oliver S. Leland agt. Peleg G. Berry and Homer L. Smith.

Where the order of *arrest* was founded on the affidavits of both plaintiffs, charging fraudulent representations, the principal of which was that when one of the defendants borrowed the money of them, for his firm, he said the defendants were entirely solvent;

*Held*, that the defendant alluded to having positively denied such a statement, and there being other undisputed circumstances detailed in the affidavits on the motion to vacate the order, which rendered it improbable that such representation was made, or, if made, that the defendant knew at the time his firm to be insolvent, the order of arrest was *vacated*.

*New York Special Term, October,* 1861.

Motion to vacate order of arrest.

Sutherland, Justice.   The affidavits upon which the order of arrest in this case was granted, would appear to indicate two grounds of arrest : First, fraudulent representations at the time the money was borrowed; second, a subsequent disposition of property by way of a general assignment for the benefit of creditors.

It can hardly be said that the affidavits upon which the order of arrest was granted, attempt to impeach the assignment as fraudulent; and on the argument of this motion to vacate the order of arrest, neither by affidavit nor by argument was the assignment attacked as fraudulent and void.

It is probable that the fact of the assignment so soon after the money was borrowed, was inserted in one of the plaintiffs' affidavit, on which the order of arrest was granted, and was intended to be used for the purpose merely of showing that the alleged fraudulent representations were made with a fraudulent intent. I must consider the order of arrest, then, as resting entirely on the charge of fraudulent representations.

As to this, the allegation in affidavits, on which the order of arrest was granted, substantially is, that the defendant Smith, when he borrowed the money for his firm, composed of the two defendants, said that the defendants were entirely solvent.

The plaintiffs both swear that the defendant Smith made such a representation.

The defendant Smith positively and unequivocally swears that nothing of the kind was said; that he made no representations at all as to the solvency of the defendants or of their firm, and no representations at all to induce the loaning of the money.

Here we have two oaths against one to show that the representation was made; and yet there are other undisputed circumstances detailed in the affidavits submitted on this motion, which render it so improbable that the representations were made, that I cannot, after a careful examination of the papers, hesitate to say that I am far from being satisfied that the defendant Smith ever in fact said or represented as the plaintiffs allege.

These circumstances are, principally, the course and character of the previous dealings between the parties—the circumstances of the loan itself—the improbability that the

plaintiffs would ask for or rely on a representation as to solvency under the undisputed circumstances of the case.

Besides, the plaintiff Leland's affidavit is certainly somewhat impeached by the discrepancy between it and his testimony at the circuit.

But, if the alleged fraudulent representations were made, the papers submitted on this motion fail to satisfy me that Smith knew his firm to be insolvent when he made them, or that they were made with intent to defraud the plaintiffs.

The plaintiffs have probably lost their money, but it would appear that the money has not gone into the pockets of the defendants, but into the pockets of their other creditors.

The defendants' assignment stands unimpeached, and if they intended to defraud the plaintiffs, I must say that they intended to do so for the benefit not of themselves but for the benefit of their other creditors.

It is not often that a party is charged with an intent to defraud one creditor to pay another.

Fraud would appear to imply not only knowledge, but some pecuniary advantage or purpose of pecuniary advantage to the party perpetrating it.

Upon the whole, I think the papers fail to satisfactorily establish a sufficient ground for arrest, if the question was *res nova*.

The motion to vacate the order of arrest must be granted, with $10 costs, to abide the event of the action.