Satow agt. Reisenberger.

_Erie General Term, Buffalo, May, 1863._

_Present, Justices_ DAVIS, GROVER and HOYT.

THIS was an appeal from an order made by the county judge of Genesee county, in proceedings supplementary to execution, denying the plaintiff's motion for a receiver of the property of the defendant Curtiss.

GEORGE BOWEN, _for appellant._
W. T. BLISS, _for respondents._

---

## SUPREME COURT.

HANS D. C. SATOW and others agt. ANTHONY REISENBERGER, impleaded, &c.

An _order of arrest_ cannot be sustained, where the facts upon which it is predicated are stated upon _information and belief merely._

_Before_ LEONARD, _Justice, at Chambers, May,_ 1863.

THIS was a motion to vacate the order of arrest holding defendant to bail in $44,000.

The affidavit of Frederick W. Meyer, the agent of the plaintiffs, set forth, on *information and belief*, that the defendants, who composed the firm of Sonza Reisenberger & Co., of Bahia, Brazil, were indebted to the plaintiffs, who compose the firm of David Satow & Co., of London, in the sum of $23,000 and upward, arising from the conspiracy of the defendants with Mathias J. Albers, master of the Peruvian bark Maria, by means of false bills of lading of several hundred bags of coffee, on which advances were made to the above amount; that in order to conceal the fact that the coffee had not been shipped, the vessel was scuttled by the captain near the Azore Islands, and that the defendant had absconded from Brazil with a large amount of money.

The affidavit of Peter H. Berndes, one of the plaintiffs, sworn to before the mayor of London, after reciting the manner of the indebtedness, and the intelligence received in London of the loss of the vessel, and that the underwriters refused to recognize any liability, alleges that he " has caused inquiries to be made, and has ascertained from a copy of the manifest of the said ship Maria, taken at the custom house at Bahia (which is not annexed nor its absence accounted for) and from other sources, (which are not stated,) that the coffee called for by the bills of lading was not shipped, and that the defendant had absconded from Bahia in an American whaling schooner, and was believed to have taken a large sum of money with him."

The motion to vacate the arrest was made upon the original papers, several points being raised by the defendant's counsel as to their sufficiency :

*First.*—The order of arrest did not contain any time or place, in the body of it, when or where returnable.

*Second.*—It was not subscribed or indorsed by the plaintiffs' attorneys.

*Third.*—A true copy of the original order, as it now appears, was not served upon the defendant.

Forbes agt. Walter.

*Fourth.*—The summons is for a money demand on contract, and the affidavits and undertaking show that the action is in *tort* for damages.

*Fifth.*—The entire affidavit of Meyer is upon *information and belief*, and the *sources* are not stated. So, also, the affidavit of plaintiff is on information and belief, as to the fraud and conspiracy, and the sources are not stated, and the copy of the manifest referred to is not annexed.

*Sixth.*—All the parties to the action are *foreigners*, and the fraud, if any, was committed in a *foreign country*, and an arrest cannot be sustained under our laws.

*Seventh.*—The bail is excessive; the claim being but $23,000, and the bail $44,000.

Judge LEONARD granted the motion, and wrote the following opinion:

" Not one of the facts constituting the fraud is within the personal knowledge of the persons upon whose oath the order of arrest has been made. The statements of the fraud are on information only. An arrest cannot be upheld on such proof. The order is vacated, with $10 costs of motion."

> HORATIO F. AVERILL, *for the motion.*
> PLATT, GERARD & BUCKLEY, *opposed.*