## THE PACIFIC MUTUAL INSURANCE COMPANY *a*. MACHADO.

*Supreme Court, First District; General Term, Oct.*, 1863.

ARREST.—ACTIVE AND CONSTRUCTIVE FRAUD.—RES JUDICATA.

An appeal from an order denying a motion to vacate an order of arrest is not prejudiced by the entry of judgment against defendant, and the bail becoming charged pending the appeal.

To justify an order of arrest on the ground of a fraudulent dispósition of property, proof of an actual fraudulent intent is required.[*]

The fact that an assignee for the benefit of creditors is misappropriating the proceeds of the assigned estate with the knowledge and assent of the assignor, who is acting as agent for the assignee, is not proof of a fraudulent disposition of property by the assignor within the meaning of section 179 of the Code,—which authorizes arrests.

---

[*] S. P., Caldwell's Case, 13 *Ante*, 405; S. C., *sub nom*. People *a*. Kelly, 35 *Barb.*, 444.

Appeal from an order denying a motion to discharge an order of arrest.

This action was brought by the Pacific Mutual Insurance Company upon a promissory note, and on an account for premiums upon numerous policies of insurance. The facts in question on the appeal are sufficiently stated in the opinion. The appeal was taken in January, 1861. In February, 1862, judgment in the action was entered in favor of plaintiffs. Execution against the defendant's person was returned "not found," in July, 1862, and an action was commenced by the plaintiffs against the defendant's bail. In March, 1863, the defendant for the first time noticed this appeal for argument. The plaintiffs, at the hearing, moved to dismiss the appeal.

*John B. Fogerty*, for the appellant.—I. The affidavit on which the order of arrest was obtained is insufficient to sustain the said order. A defendant cannot be arrested in a civil action for a constructive fraud, or a fraud in law, unaccompanied with proof of an actual fraudulent intent to cheat and defraud his creditors. (*Code*, § 179, subd. 5; *Whittaker's Pr.*, ed. 1863, 409; Birchell *a*. Strauss, 28 *Barb.*, 293; S. C., 8 *Abbotts' Pr.*, 53; Spies *a*. Joel, 1 *Duer*, 669; People *a*. Kelly, 35 *Barb.*, 444, 452.) A defendant cannot be arrested upon facts alleged only upon information and belief, unless the grounds of such information and belief are stated in the affidavit, and found to be sufficient, and to be the best evidence obtainable. (Martin *a*. Vanderlip, 3 *How. Pr.*, 265; Vredenburgh *a*. Hendricks, 17 *Barb.*, 179; Whitlock *a*. Roth, 10 *Ib.*, 78; S. C., 5 *How. Pr.*, 143; Bell *a*. Mali, 11 *Ib.*, 254; Crandall *a*. Bryan, 5 *Abbotts' Pr.*, 162; Peel *a*. Elliott, 7 *Ib.*, 433; Blason *a*. Bruno, 33 *Barb.*, 520; S. C., 12 *Abbotts' Pr.*, 265; Cook *a*. Roach, 21 *How. Pr.*, 152; Moore *a*. Calvert, 9 *Ib.*, 474; Mott *a*. Lawrence, 9 *Abbotts' Pr.*, 196. See, also, Towsley *a*. McDonald, 32 *Barb.*, 604.)

II. All the facts alleged in the affidavit on which the order of arrest was granted, have been fully and satisfactorily explained or controverted by the appellant in his moving papers.

*John N. Lewis* and *Elbridge T. Gerry*, for the respondents.

—I. Judgment having been entered in this action, no motion could be made to vacate the order of arrest; and bail having justified, and been charged in execution, the appeal not having been brought on must be deemed waived. (*Code*, § 204; Roberts *a.* Carter, 17 *How. Pr.*, 479; Barker *a.* Wheeler, 14 *Abbotts' Pr.*, 170; Lewis *a.* Truesdell, 3 *Sandf.*, 706; McKenzie *a.* Hackstaff, 2 *E. D. Smith*, 75; Overill *a.* Durkee, 2 *Abbotts' Pr.*, 383; Bridgewater Paint Co. *a.* Messmore, 15 *How. Pr.*, 12; Chapman *a.* Snow, 1 *Bos. & P.*, 132; 1 *Chitty's Arch. Pr.*, part 2, ch. 7; Crowell *a.* Brown, 17 *How. Pr.*, 68; Wilmerding *a.* Moon, 1 *Duer*, 645.)

II. The invalidity of the assignment having been determined by a court of competent jurisdiction, to which the appellant was a party, that determination is *res judicata* on the question of fraud, and conclusive as to the appellant and those claiming under him. (Duchess of Kingston's Case, 20 *Howell St. Tr.*, 538; Castle *a.* Noyes, 14 *N. Y.*, 329; Doty *a.* Brown, 4 *Ib.*, 71; Embury *a.* Conner, 3 *Ib.*, 511; Manny *a.* Harris, 2 *Johns.*, 24; Simpson *a.* Hart, 1 *Johns. Ch.*, 91; Gardner *a.* Buckbee, 3 *Cow.*, 120, 126; Etheridge *a.* Osborn, 12 *Wend.*, 399; Ehle *a.* Bingham, 7 *Barb.*, 494; White *a.* Coatsworth, 6 *N. Y.*, 137; 2 *Smith's Lead. Cas.*, 696, 697; Kingsland *a.* Spalding, 3 *Barb. Ch.*, 341; Bouchard *a.* Dias, 3 *Den.*, 238.)

III. That the assignment was clearly fraudulent, illegal, and void, appears from the papers before the court. (2 *Story's Eq. Jur.*, §§ 1196, *a*, 1200; Hooper *a.* Tuckerman, 3 *Sandf.*, 311; Wilson *a.* Robertson, 21 *N. Y.*, 587–594; Sewall *a.* Russell, 2 *Paige*, 175; Mills *a.* Argall, 6 *Ib.*, 577; Judson *a.* Gardner, 4 *N. Y. Leg. Obs.*, 424; Wilder *a.* Keeler, 3 *Paige*, 167; Egberts *a.* Wood, *Ib.*, 517; Payne *a.* Matthews, 6 *Ib.*, 19; Jackson *a.* Cornell, 1 *Sandf. Ch.*, 348; Collomb *a.* Caldwell, 16 *N. Y.*, 484; *Burr. on Assignments*, 2 ed., 67, 137, 276, 316; 2 *Rev. Stat.*, 136; McButt *a.* Hirsch, 4 *Abbotts' Pr.*, 441; Dunham *a.* Waterman, 17 *N. Y.*, 9; S. C., 6 *Abbotts' Pr.*, 357; Browning *a.* Hart, 6 *Barb.*, 91; Van Nest *a.* Yoe, 1 *Sandf. Ch.*, 4; Cunningham *a.* Freeborn, 3 *Paige*, 557; affirmed, 11 *Wend.*, 240; Phillips *a.* Benedict, 20 *How. Pr.*, 265; Mackie *a.* Cairns, 5 *Cow.*, 547; McClelland *a.* Remsen, 36 *Barb.*, 622.)

IV. If the assignment was fraudulent for any purpose, it is fraudulent to all intents and purposes contemplated by the

statute; if sufficient be shown to avoid it, the arrest of the assignor is warranted. (2 *Rev. Stat.*, 137, § 1; *Code*, § 179, subd. 5.)

V. Appeals like the present are not to be encouraged. The order should be affirmed, unless the appellant show affirmatively that facts necessary to sustain the order were not established. (Moers *a.* Martens, 8 *Abbotts' Pr.*, 257.)

By THE COURT.—SUTHERLAND, P. J.—The defendant was arrested and held to bail in this action in the sum of $5,000.

The action was brought to recover the amount of a promissory note, and certain unpaid premiums on policies of insurance.

The order of arrest was granted, on the ground that the defendant had disposed of his property with intent to defraud his creditors.

The affidavit on which the order of arrest was granted alleged that the defendant had, on a certain day named, previous to the commencement of the action, executed to one Edward W. Hudson a deed of assignment, setting it out at large, words, and figures, and schedules.

From the assignment as thus set out, it appears that the said assignment was, or purported to be, an assignment for the benefit of creditors; that by it the defendant, in words, assigned " all the lands, tenements, and real estate; all the ships and vessels, and cargoes; all the outstanding debts, bills receivable, and claims and demands; and all the merchandise,. goods, chattels, and credits, and property of every name and description; and all books, vouchers, and securities relating thereto, of him, the party of the first part," the said defendant. The assignment expressly authorizes the assignee to sell the ships, vessels, and cargoes, merchandise, goods, and chattels, and convert them into cash, and to collect the debts, claims, and demands; but the words "lands, tenements, and real estate" are wanting in this clause of the assignment, and the assignment does not anywhere, expressly or in words, authorize the assignee to sell the assignor's lands and real estate, if he had any to pass under the assignment. It also appears, from the assignment and schedules, that William Hogan and Manual M. Furtado were among the preferred creditors; and that the amount of

their several claims or debts is not designated, either in the body of the assignment, or the schedules.

The affiant in the affidavit on which the order of arrest was granted, says "that he *believes* that said assignment was fraudulent and void, and made for the purpose and with the intention of defrauding the creditors of the said defendant, in that it conveys certain lands, tenements, and real estate, but wholly neglected to make any provision for the sale of the same, and the application of the proceeds of such sale for the payment of the debts of the said defendant; and further, that the claims of one William Hogan and one Manual M. Furtado were therein preferred, said Hogan and Furtado being, at the time of executing of said assignment, and having been for a long time before, copartners in business with the said defendant, and with him composing the aforesaid firm of John A. Machado & Co.; and further, that the amounts severally due the above-mentioned preferred creditors from said defendant, or from John A. Machado & Co., are not designated in said assignment, or in the schedules thereto annexed, thereby affording an opportunity for collusion between the defendant and the said assignee, and his said preferred creditors."

It is also alleged in the affidavit, on information and belief, that the assignment had been set aside in a number of actions in this court, and in the Superior Court and Court of Common Pleas, as fraudulent and void.

It is also alleged in the affidavit, on information and belief, that the assignee, after collecting and converting to money a very large amount of the assets of the defendant, removed to Massachusetts with such moneys, and has never applied the same to the payment of the debts of the defendant, but retains the same to his own use and the use of the defendant, with the knowledge and consent of the defendant.

These are all the material allegations of the affidavit, and it appears to me that, at the utmost, it only makes out a case for the courts, in a proper action, to declare the assignment fraudulent and void, on its face, as to creditors. This they might do, whether the defects and omissions of the assignment came from design or accident, and irrespective of the actual intentions of the parties to the assignment, except so far as such intentions might be inferred from the words or face of the assignment.

Outside of the assignment itself, it appears to me that there is in the affidavit an utter want of any allegation, even on belief, or information and belief, to show an actual intention to defraud, as distinguished from fraud in law, in making the assignment, except, it may be, the allegation at the close of the affidavit, that the assignee had collected a large amount of trust moneys, which he was using with the knowledge and assent of the defendant. This allegation is on information and belief, and, if true, might tend to show fraud or fraudulent acts subsequent to the assignment, but would hardly show that the assignment was made with an actual fraudulent intent.

It will not do to say, if an assignment is fraudulent on its face, or fraudulent in law, that therefore it was or is fraudulent in fact.

In my opinion, the affidavit did not authorize the order of arrest.

There is in the affidavit not even an allegation that the defendant had any real estate at the time of the assignment, so as to show a motive on his part for designedly omitting to give the assignee authority to sell his real estate.

As to the allegations, on information and belief merely, in the affidavit, of the misconduct of the assignee, and of his removal to Massachusetts, if true, they might have shown that he ought to be removed, and another trustee appointed, but they hardly tended to show that the assignment was originally in fact made with a fraudulent intent.

There is in the affidavit no allegation that the defendant was not actually indebted to Hogan and Furtado in any amount. The inference from the allegations of the affidavit are that he was indebted to them.

By the affidavit of Mr. Benedict, the counsel of the defendant, who drew the assignment, read on the motion to vacate the order of arrest, the omission of authority to the assignee to sell the real estate was fully explained, and shown to be the result of a mere clerical omission. Mr. Benedict also swore that he advised the defendant that Hogan and Furtado were not partners with him, as matter of law, under a certain agreement between them, and that the defendant had a right to prefer them; and explaining, further, why the amounts of their debts were omitted.

The affidavit of the defendant was also read on that motion, denying all intention to defraud in making the assignment, and all alleged acts of misconduct on the part of the assignee or himself subsequent to the assignment. .

I think the order denying the motion to vacate the order of arrest should be reversed, with $10 costs.

CLERKE and BARNARD, JJ., concurred.