McCunn, J.
This is a proceeding under the non-imprisonment act. The defendant was brought before me by virtue of a warrant issued under the act of 1831, commonly known as the “ Stilwell act.” His discharge is moved for on the ground that in the original action in the Supreme Court, which action is yet pending, the defendant had been arrested on mesne process for the same causes as those alleged in the affidavit upon which this warrant was granted, and that he was held to bail in the sum of $28,000, and that as the defendant cannot be arrested a second time in the same action he should be discharged by the court. The remedy given by the laws of 1831, and upon which the defendant is now before me, was given in lieu of the remedy taken away, of arrest, in the one case on mesne process, and in the other on final process. (Spear v. Wardell, 1 N. Y. Rep. 150.) Moreover it must appear before the warrant is granted that the defendant is not, nor cannot be arrested and imprisoned in the action on mesne process. (4 N. Y. Stat. at Large by Edmonds, § 3, p. 465.) Indeed, the plaintiff seems to be aware of the fact that it is not only in cases where no arrest can be had that such Stilwell warrant, as I call it, can issue, for he has sworn in his affidavit upon which the warrant is based that the “defendant cannot be arrested or imprisoned in the action,” thereby admitting that if the defendant could have been arrested on mesne process this warrant would not lie. Justice Wright says, in his able opinion in the case above cited, “it” (the non-imprisonment act) “ is a remedy given by statute to reach property where an ordinary execution fails, and where no arrest or mesne or final process can be had.” The act was .created for the very purpose of en-' abling parties to reach the property of a fraudulent debtor where he could not be otherwise arrested in the action. On a careful examination of the statute I am convinced that the intent of the act of 1831 was, after abolishing *271 imprisonment for debt in suits arising upon contract, to provide a remedy for those, immediately affected by such abolishment, through which they might reach the fraudulent debtor’s property. But this plaintiff’s remedy was . not affected by the act to abolish imprisonment for debt, and the best evidence of that fact is, that he has selected his remedy and has chosen to arrest the defendant on mesne process, in the original suit in the Supreme Court. I therefore hold that the choice of the plaintiff in selecting the remedy of arrest under the 178th and 179th sections of the Code deprives him at present of the remedy under the non-imprisonment act. A very nice question might arise in a case of this kind where, after the remedy in the Supreme Court had been exhausted and the judgment left unsatisfied, property should afterward come into the hands of the defendant and he refuse to apply the property to the payment of the judgment. I am inclined, however, to think a warrant under the non-imprisonment act would lie.