JAMES H. GREENE *v.* R. GONZALES.

To warrant the issuing of an attachment out of a District Court, it is not sufficient that the statements of the affidavit, upon which the attachment is asked, are made on information derived from a person not named, and not under oath, without any explanation of the reason why the affidavit of such person is not procured, or more reliable testimony obtained.

Information derived from third parties may be sufficient, where the source and nature of the information are set forth with such particularity and certainty, that the defendant can easily contradict it if it is untrue, and the plaintiff's inability to procure their affidavits is shown.

The declaration or statement of an agent is received as evidence against the principal only where it constitutes part of the *res gestæ* in some transaction where he acts for his principal, and where it is in the nature of original, and not hearsay, evidence.

APPEAL by the defendant from a judgment of the Sixth District Court.

The action was brought for services rendered in painting a dwelling-house at the request of the defendant, and was commenced by attachment, on the return of which, the defendant, by counsel, appeared solely to object, and moved to vacate the attachment upon the ground, amongst others, that the affidavit upon which it was issued was insufficient. The allegations of the affidavit appear in the opinion of the Court. The motion was denied, and judgment was rendered for the plaintiff, from which the defendant appealed to this Court.

*Jas. M. Sheehan,* for appellant.

*Everett P. Wheeler,* for respondent.

BY THE COURT.—DALY, F. J.—The affidavit upon which the warrant was granted was not sufficient. The only facts positively sworn to are these: the existence of the debt; that the plaintiff was induced to make the contract by a representation of the defendant which is not stated to have been untrue; that the defendant was frequently requested to pay it, but put off the plaintiff "by various excuses"; and, that the business

of the defendant is that of buying and selling pianos. This is all, as I have said, which is positively sworn to. The residue of the affidavit is upon information and belief. It is information received by the plaintiff from a person in charge of property belonging to the defendant, to the effect, that the defendant was selling off his pianos at cost, as fast as he could, and was not buying others with the money; that he was about removing from the county with the pianos that remained; that he had threatened to kill any one who should hinder him from removing them; and that he was spending the money he received by the sale of the pianos upon a woman, not his wife, with whom he cohabited.

If what is here stated had been brought to the knowledge of the justice by competent evidence, it would be sufficient, presumptively, to warrant the conclusion that the defendant had done, or was about to do, one or more of the acts for which, under the statute (Laws of 1831, p. 402, § 34), an attachment may be granted; but it is given in the affidavit as information derived from a person not named, and who was not under oath, without any explanation of the reason why his affidavit was not procured, or more reliable testimony than hearsay obtained; which is not sufficient to authorize the arrest of a man as a fraudulent debtor (*Broadhead* v. *McConnell*, 3 Barb. 191; *Stewart* v. *Brown*, 16 *Id*. 367; *Smith* v. *Luce*, 14 Wend. 238; *Ex parte Haynes*, 18 *Id*. 615; *Tallman* v. *Bigelow*, 10 *Id*. 420; *Smith* v. *Weed*, 20 *Id*. 184; *People* v. *Recorder of Albany*, 6 Hill, 429; *St. Amant* v. *De Beixceidon*, 3 Sandf. 703).

Information derived from third persons, given in reply to inquiries made at a party's residence, may be received as evidence to show his absence, in the case of a subscribing witness, or of an absconding debtor, as an exception to the general rule which excludes hearsay (1 Greenleaf's Ev. §§ 101, 574; *Morgan* v. *Avery*, 7 Barb. 656); and it may be that information derived from third parties will suffice in the affidavit for an attachment under the nonimprisonment act, where the source and the nature of the information upon which the plaintiff founds his belief of a fraudulent intent, are set forth with such particularity

and certainty, that the defendant can easily, if it is untrue, controvert it; but even then, to warrant the reception of such testimony, it would have to be shown that the affidavit of the person from whom it was derived could not, from the peculiar circumstances of the case, be obtained (*St. Amant* v. *De Beixceidon*, *supra*). The words of the statute are that " the warrant may be granted, when it shall satisfactorily appear to such justice" that the defendant has done, or is about to do, any of the acts specified in the statute; and " the justice must be so satisfied," says Savage, C. J., in *Smith* v. *Luce*, *supra*, " from proof of facts and circumstances." Here there was nothing but the plaintiff's belief, founded upon what was told him by a person in charge of the defendant's property. This person may have been the defendant's agent, but that would not make what he told the plaintiff evidence. The declaration or statement of an agent is received as evidence against the principal only where it constitutes part of the *res gestæ* in some transaction where he acts for his principal, and where it is in the nature of original and not of hearsay evidence (*Luby* v. *Hudson River Railroad Co.* 17 N. Y. 133; *Thalimer* v. *Brinkerhoff*, 20 John. 397). Thus, in the case first above cited, it was held to be erroneous to allow a policeman to testify that the driver of a car told him, as he arrested him upon his getting off the car, after an accident, that he could not stop the car, as the brake was out of order. If the statement of the defendant's driver here was deemed incompetent, certainly a statement like the one embodied in the plaintiff's affidavit was equally incompetent to authorize the arrest of the defendant upon an attachment. The judgment should, therefore, be reversed.

Judgment reversed.