HENRY B. THORPE *v.* WILSON WADDINGHAM.

JOHN TODD, *et al., v.* SAME.

IT is well settled that where fraudulent representations are alleged as the basis of an arrest, it must appear, not only, that the representations were false, but that they were known to be so by the party making them, at the time they were made.

When fraud is relied upon as subjecting a party to arrest, the particular facts constituting the fraud should be set forth. Thus where the plaintiff's affidavit, on an application for an order of arrest, merely avers that the representations made by the defendant were false and fraudulent, leaving the facts a matter of mere conjecture: *Held,* that the affidavit is defective in stating simply conclusion, which may or may not be correct, and is not sufficient to warrant an order of arrest.

APPEAL by the plaintiffs from orders of special term.

The facts of the cases are stated sufficiently in the opinion of the court.

*Moses Ely,* for appellant.

*Eldridge & Johnson,* for respondent.

BY THE COURT.*—LARREMORE, J.—Orders of arrest in both of the above entitled actions were granted against the defendant upon the ground of fraud in contracting the debt for

---

* Present—Daly, Ch. J., Loew and Larremore, JJ.

which the actions were brought. The defendant moved, at special term, on the original affidavits upon which said orders were granted, to vacate the same. His motion prevailed, and from the orders entered upon the decision of the motion the plaintiffs appeal.

The defendant having made his application upon the affidavits of the plaintiffs alone, the only question for our consideration is whether the affidavits were sufficient to authorize the arrest.

It is alleged by the plaintiffs in each case that the defendant negotiated a purchase, with Thorpe and Waters, of a large quantity of silver-ware valued at $23,000, for which he paid one-half in cash and one-half in 948 shares of the capital stock of the Waddingham Gold and Silver Mining Company, which defendant represented to be a company regularly incorporated under the laws of this State, with a capital of $1,200,000 fully paid in, the shares of which were each of the nominal par value of $25 and of the market value of $11$\frac{84}{100}$, and further that said stock was on the Mining Board and selling freely to purchasers, that the affairs of the said company were highly prosperous, the yield of the mining property was large and would pay large dividends in gold. It is also alleged by the plaintiffs that such sale was made to the defendant upon the sole reliance and belief by them that the representations above mentioned were true. The plaintiffs then aver that they have since discovered that said representations were false and fraudulent, that said stock in reality represented no value, that any sales thereof through the Mining Board were really but pretended, and through the contrivance of the defendant to give such stock an appearance of value and as a part of his scheme to commit frauds in its use. That he (the defendant) contrived the plan of the organization of said company and the issue of its stock as one of a series of kindred plans, with the object of selling the same.

It is well settled in practice that where fraud is alleged as the basis of an arrest, the particular facts constituting the fraud should be set forth, to enable the court to pass judicially upon the question.

Thorpe v. Waddingham.

A general allegation that a party has been guilty of fraud is the statement of a conclusion which may or may not be correct.

In the case of fraudulent representations by which a party is subject to arrest it must appear not only that the same were false but that they were known to be such at the time they were made.

The plaintiffs herein swear that they have discovered that the representations made by the defendant were false and fraudulent, that the stock referred to is of no value and the sales thereof a pretence. We are left in entire ignorance of the facts disclosed upon said discovery: whether the company was ever incorporated or improperly or. illegally incorporated, what means were employed to ascertain the value of the stock or that the sales of it were only pretended and through the contrivance of the defendant are matters of mere conjecture upon the papers submitted on the appeal.

The plaintiffs have furnished conclusions instead of facts, which upon a correct presentation might entirely rebut the presumption of fraud.

There is nothing before us inconsistent with the theory that the defendant believed the representations made to be true, and as this is an essential fact in the case, which the plaintiffs were bound to controvert, the failure or neglect on their part to do it entitled the defendant to an order discharging the arrest.

The orders appealed from should be affirmed with costs.

Orders affirmed.