Lawrence, J.
[After stating the facts.]—An examination of the affidavits upon which the orders of arrest and the warrants were issued, shows that the facts on which the plaintiffs proceeded, in both instances, were substantially the same ; and that the fact that orders of arrest had been previously issued in the actions was not stated in the affidavits on which the warrants were issued.
The act of 1831, entitled, “An act to abolish imprisonment for debt and to punish fraudulent debtors ” (L. 1831, c. 300), was not superseded by the provisions of the Code of Procedure relative to arrest and bail (Code of Pro. 178; People ex rel. Latorre v. O’Brien, 6 Abb. Pr. N. S. 63).
Section 178 of the Code of Procedure provided that the act to abolish imprisonment for debt should not be affected thereby.
In section 548 of the Code of Civil Procedure, which is substituted for section 178. of the .old Code, the exception as to the act of 1831 is omitted, and it is provided that “ a person should not be arrested in a civil action or special proceeding, except as prescribed by statute.”
Whether this change in the phraseology of the statute was intended as a repeal of the act of 1831, it is not necessary, in the view which I take of this case, to determine. Assuming that the act of 1831 is still in full force and effect, counsel have failed to refer me to a single case in which it has been held that a creditor is entitled to both remedies. On the contrary, so far as I have been able to ascertain from an examination of the authorities, wherever the question has *430 been touched upon, the conclusion of the courts has been, that while the creditor may elect as to which of the two courses he will adopt, he cannot resort to both. In delivering the opinion of the general term of this court, in the case of the People v. Goodwin (50 Barb. 564), Mr. Justice Sutherland says: “ Certainly there may be two processes or remedies for the same wrong, or for the collection of the same debt. Certainly the different processes under different laws, issued by the same judge or officer, or by different judges or officers, for remedying the same wrong or collecting' the same debt, may be issued without being inconsistent with each other, and without the jurisdictioh or power to sue the one last issued being at all impaired or affected by the fact that the other had been issued ; but it by no means follows that the debtor charged with a fraudulent disposition or concealment of his property, to avoid the payment of his debt, can be arrested and imprisoned for such fraudulent disposition or concealment, at the instance of his creditors, both under the Stilwell act and under the Code.”
And in the case of Latorre v. O’Brien (6 Abb. Pr. N. S. 63, 66), Mr. Justice Woodruff uses this language : “In a more general statute, providing for the arrest not only of the debtor, but a tort feasor, the legislature has seen fit to authorize plaintiffs in certain specified cases to elect whether to proceed under the act of 1831, by warrant or commitment, or to proceed by order of arrest and bail.”
In these cases the plaintiffs have made their election. They have preferred to hold the defendants under the provision of the Code.
In Wright v. Ritterman (1 Abb. Pr. N. S. 431), the general term of the N. Y. superior court say: “ It is a legal maxim that no man shall be twice arrested for the same cause. This applies to the same jurisdiction, and is conceded to be the general rule. We think it a safe *431 rale, and one that is reasonable and easy of application, that where a defendant has been discharged from imprisonment under an order of arrest, by due course of law, he should not be re-arrested and imprisoned a second time for the same cause, though in a different form of action (see also Matter of Townsend, 7 Robt. 269; Enoch v. Ernst, 21 How. Pr. 96; Hernandez v. Carnobeli, 10 Id. 433).*
My conclusion therefore is, that as the plaintiffs have elected to proceed under the provisions of the Code, they cannot take proceedings under the Stilwell act, based upon substantially the same facts as those which are disclosed in the affidavits on which the orders of arrest were granted.
If this conclusion is well founded, a consideration of the numerous other questions discussed by the learned counsel in their elaborate briefs is unnecessary. The defendants must be discharged.
The order entered on this decision recited that it was made on due consideration of the proof in the matter, and the affidavits on which the warrant was granted.
The plaintiffs thereupon brought the proceedings before the General Term for review, by an appeal and also by certiorari.
The Supreme Court at general term affirmed the order discharging the defendants, and delivered the following opinion.
By the Court.*
We have examined the affidavits
upon which the original arrest took place, and the affidavit upon which the Stilwell warrant was granted, and find that they are substantially the same.
The additional ground of arrest is specified in the *432 affidavit upon which the Stilwell warrant proceeded, which relates to an unjust refusal to apply property in satisfaction of the judgment. As to this we can only say that.there was no proof furnished to support the charge ; and the mere statement of an unjust refusal has always been deemed insufficient without proof of a specific demand and refusal. More particularly should this be the case when the charge has been upon information and belief.
We are fully satisfied with the opinion of Lawrence, J., and adopt it as the opinion of the court.
Order and proceedings affirmed, on the opinion of Lawrence, J.
The order entered on this affirmance did not state the ground of affirmance.
From this order the plaintiffs appealed to the court of appeals.
Thomas M. North (North, Ward & Wagstaff, attorneys), for the plaintiffs, appellants.—I. This proceeding is not based on substantially the same facts as those on which the order of arrest was granted, as the complaint avers additional facts, and also an unjust refusal to apply property in payment of the judgment.
II. There was proof of a specific demand and refusal to apply property in satisfaction of the judgment.
III. The statutory remedy for such a refusal is not barred by a provisional arrest under the Code, on charges of fraudulently contracting the debt, and fraudulently disposing of property.
IV. A provisional arrest for a fraudulent disposition of property theretofore made, does not bar a remedy for a subsequent fraudulent disposition. The Stilwell proceeding is a statutory execution (Barthelon v. Betts, 4 Hill, 577; Spear v. Wardell, 1 N. Y. 144), and therefore may be enforced, although the debtors are on bail.
*433 V. The proceeding is not barred by a provisional arrest; it is a quasi criminal remedy (Lynch v. Montgomery, 15 Wend. 461; Latorre v. O’Brien, 6 Abb. Pr. N. S. 63; Re Prime, 1 Barb. 296; Moak v. De Forest, 5 Hill, 608).
VI. The affidavit was sufficient (Mosher v. People, 5 Barb. 575 ; Re Faulkner, 4 Hill, 598; Broadhead v. McConnell, 3 Barb. 190; Stewart v. Biddlecum, 2 N. Y. 108).
VII. The action was founded on contract (Graves v. Waite, 59 N. Y. 156).
VIII. The judgment established that defendants fraudulently contracted the debt.
IX. The fraudulent disposition of the property was conclusively proved,
A. Blumenstiel, for defendants, respondents.—I. The order was made upon the merits, and is not reviewable (Field v. Munson, 47 N. Y. 221; Vermilyea v. Palmer, 52 Id. 471; Haight v. Williams, 46 Id. 683; Bugess v. Simonson, 45 Id. 225; Tyng v. Submarine Co., 60 Id. 644; Graham v. Selover, 46 How. Pr. 107; Finch v. Parker, 49 N. Y. 1; McDonald v. Titus, 51 Id. 655; Woodruff v. Valentine, 57 Id. 663; Crane v. Baudoine, 55 Id. 256).
II. The Stilwell act was impliedly repealed by section 548 of the Code of Civil Procedure. The Stilwell warrant is part of the action; and is not a special proceeding in the sense of the Code (Dresser v. Van Pelt, 15 How. Pr. 19).
III. A party cannot be twice arrested for the same cause (Enoch v. Ernst, 21 How. Pr. 96; Wells v. Guernsey, 8 Barn. A. C. 769; Imlay v. Ellefson, 3 East, 309; 8 Taunt. 24; People ex rel. Rilleman v. Kelly, 1 Abb. Pr. N. S. 436; Hermandez v. Carnobeli, 10 How. Pr. 433; Petersdorf v. Bail, 131, 139; Wheelwright v. Joseph, 5 Maule & S. 93; Matter of Johnson, *434 7 Rob. 269; People v. Goodwin, 50 Barb. 564; Peck v. Hozier, 14 Johns. 346; People ex rel. Latorre v. O’Brien, 6 Abb. Pr. N S. 66).
IV. The facts stated in the affidavits are insufficient to confer jurisdiction. This objection was not waived by proceeding with the hearing (Broadhead v. McConnell, 3 Barb. 175; Wheaton v. Fay, 62 N. Y. 281).
V. Affidavits on information and belief are never sufficient to confer authority to issue any process. (Broadhead v. McConnell, 3 Barb. 176; Green v. Gonzales, 2 Daly, 412; Mosher v. People, 5 Barb. 579; Vredenberg v. Hendricks, 17 Id. 179; Smith v. Luce. 14 Wend. 238 ; Exp. Haynes, 18 Wend. 615; People v. Recorder, 6 Hill, 429; Stewart v. Biddlecum, 2 Conn. 103; Amant v. Bexicedon, 3 Sandf. 703; Matter of Bliss, 7 Hill, 187; Exp. Robinson, 21 Wend. 572; Connell v. Lascelles, 20 Id. 77; Whitlock v. Roth, 10 Barb. 78; Satow v. Reisenberger, 25 How. Pr. 164; De Nierth v. Sidner, 25 Id. 419; Blason v. Bruno, 21 Id. 112; Cook v. Roach, 21 Id. 152; Bell v. Mali, 11 Id. 254; Dreyfus v. Otis, 54 Id. 405; Mullen v. Perrin, 14 Abb. Pr. N. S. 95).
VI. The charge of fraudulently contracting the-debt was not sufficiently set out (Thorpe v. Waddington, 3 Daly, 275; Mecklin v. Berry, 23 How. Pr. 380; Stewart v. Potter, 37 Id. 68; Birchall v. Strauss, 28 Barb. 293; Gaffney v. Barton, 12 How. Pr. 516; Phelps v. Maxwell, 2 Abb. New Cas. 459).
VII. There was no proof of an unjust refusal to ¡apply dioses in action to the payment of the judgment .(Hall v. McKnight, 6 N. Y. Leg. Obs. 348; Vredenburg v. Hendricks, 17 Barb. 179; Mosher v. People, 5 Id. 577; People v. Recorder, 6 Hill, 429; Spear v. Wardell, 1 N. Y. 151).
VIII. The defendant, Marks, is not liable to arrest for the acts committed by his partner (Bank of Commonwealth v. Temple, 39 How. Pr. 432; Wetmore v. *435 Earle, 9 Abb. Pr. 58; 6 Id. 319; Townsend v. Bogert, 11 Id. 355; Coman v. Reese, 21 How. Pr. 114; Sherman v. Smith, 42 Id. 198; Claflin v. Frank, 8 Abb. Pr. 412 Bull v. Melin, 9 Id. 58).
IX. To render one liable to arrest actual fraud must be shown (People v. Kelly, 35 Barb. 444; Burchell v. Strauss, 28 Id. 293; Pacific Ins. Co, v. Machado, 16 Abb. Pr. 451; Mott v. Lawrence, 17 How. Pr. 559). The judge has no right to be satisfied unless there is legal proof (Connell v. Lascelles, 20 Wend. 77; Miller v. Brinckerhoff, 4 Den. 120; Vosburgh v. Welch, 11 Johns. 175; Stewart v. Brown, 16 Barb. 367; Castellanos v. Jones, 5 N. Y. 164; O’Reilly v. Freel, 37 How. Pr. 272).
X. The plaintiffs were guilty of laches (Adams v. Sage, 28 N. Y. 103; Cobb v. Hatfield, 46 Id. 536; Lindsley v. Ferguson, 49 Id. 625; Wheaton v. Baker, 14 Barb. 594; Devendorf v. Beardsley, 23 Id. 656; Goelth v. White, 35 Id. 76; Central Bank v. Pender, 46 Id. 467; Hunt v. Singer, 1 Daly, 209).
XI. This is in the nature of a criminal proceeding and should be strictly construed (Lynd v. Montgomery, 15 Wend. 461; Moabe v. De Forrest, 5 Hill, 605; People v. Latorre, 6 Abb. Pr. N. S. 63).
By the Court.
It appears from the order made by the learned justice, discharging the defendants from arrest, that it was made upon due consideration of the proof in the matter and the affidavits on which the warrant was granted. It appears from the order of affirmance made at general term that no ground- is stated in it on which it went. We may not say from the orders that they were not made upon the merits, and the proof in the case had failed to satisfy the learned courts below, that a case was made out for the commitment nisi, &c., of the defendants. When that is the case we may not, when an order of arrest or *436 commitment has been denied, review the order. We have no jurisdiction to do so, and must dismiss the appeal. It is true that the opinions delivered by the learned justices do not so state ; but it is the law that' we may not look into the opinions to find matter there differing from that in the order, unless the language of the order is ambiguous and needs aid for an understanding upon which it went (Fischer v. Gould, MS. June, 1880.)
Before arriving at this conclusion we had somewhat considered the case upon the merits, and were of the strong impression that there was not error in the action of the learned justice who gave the order, nor in the order of affirmance of the general term. But not having jurisdiction to review the case, we form no settled conclusion.
The appeal should be dismissed.
Ordered accordingly.

 See also People ex rel. Roberts v. Bowe, p. 234 of this vol.

 Present—Davis, P. J., and Brady and Bakeett, JJ.