Jones, J.
(dissenting). The question presented on this appeal is, whether in an action in assumpsit brought against the members of a firm, to recover an indebtedness due from the firm, all the members thereof are liable to arrest by reason of a fraud committed by one of them in contracting the indebtedness without the knowledge, consent, connivance, privity, or participation of the others.
There is no direct authority in point on the question.
The case of Townsend v. Bogert (11 Abbt., 355) has frequently been cited as such an authority, but on a close analysis it will be found that it is not.
Five judges took part in the decision of that case, three of whom delivered opinions. One of them (Chief-Justice Bosworth) held—
*355 First—That the affidavits on which the order of arrest was granted showed a cause of action which of itself gave a right to hold to bail.
Second—That the fraud of one member of a firm in obtaining goods which have gone to the firm’s use is, in judgment of law, the fraud of all in such sense that an action will lie against all of them for it, and that all are liable for the damages caused by it; and, as a result from this proposition, held that a partner who knew nothing of the fraud committed by his copartner, and neither authorized, participated in, or assented to it, was guilty of it himself within the meaning of that portion of sec. 179 which allows an arrest when the defendant has been guilty of a fraud in contracting the debt or incurring the obligation for which the action is brought; and
Third—That the affidavits showed that the partner who was' seeking to have the order of arrest vacated knew that the fraud had been committed and assented to it; and on these grounds he, the chief-justice, refused to vacate the order of arrest.
Justice Moncrief concurred in refusing to vacate the order on the first and third grounds mentioned in the opinion of the chief-justice.
Justice Hoffman gave no opinion.
Justice Woodruff dissented, holding—
First-SThat the action, as shown by the affidavit, was one to recover the price of the goods sold as a debt due by the defendants to the plaintiffs upon and for such sale.
Second—While admitting the proposition secondly laid down by the chief-justice, he denies the result claimed to arise therefrom, holding that it is only that defendant who has himself been guilty of fraud who is liable to an arrest in an action upon and to recover the debt which it is alleged has been fraudulently contracted; and he says if it were otherwise, then all joint makers of a note might be arrested, though some of them were in truth makers for accommodation, or sureties for the rest, if the latter by fraud procured it to be discounted.
Third—While admitting that if a partner with knowledge of *356 the fraud assents to, adopts, or receives the benefit of the purchase, he is a fraudulent debtor within the meaning of the clause in question, yet that the affidavits did not bring the moving partner within any of those categories. He laid down the proposition, on which he insisted, “that in an action on the contract for the price of the goods, a partner who has not been guilty of the fraud as an actual participator therein, nor by assenting to or adopting the purchase with knowledge of the fraud, cannot be held to bail.”
Justice Robertson also dissented, without delivering any opinion.
Thus it will be seen that three of the five judges did not concur in the result derived by the chief-j ustice from his second proposition; a majority of the court not having concurred in that result, the case is not a binding decision on that point.
The other cases cited by the appellant, with the exception of Coman v. Reese (21 How. Pr. Rep., 114), go simply to establish the second proposition of Chief-Justice Bosworth, but do not contain any decision or intimation as to the result he derives therefrom.
The case of Coman v. Reese is founded solely on the case of Townsend v. Bogert; and is also treated by the court as an action upon the case, founded on the fraud. The question, then, is open for discussion and decision on principle.
It is well established that the law imputes the fraud committed by one partner, while transacting the partnership business, to all the other partners, so as to render them all, by reason of that fi-aud, liable for the damages sustained in consequence thereof; and the party defrauded has a remedy against all by an action based on such fraud, and in which all are liable to arrest as a part of that remedy.
It is claimed, however, that if the party defrauded elects not to base his action on the fraud, but to bring suit on the contract or debt which has been contracted or incurred by the fraud of one of the partners in the course of the partnership business, then the language of subdivision 4 of section 119 is not suffi *357 ciently broad to authorize the arrest of any one except the actual perpetrator of the fraud, and those who have made themselves participators therein by consent or adoption.
The provision in question is made, not by way of punishment for the commission of a fraud, but to provide a more ample remedy by means whereof one who has suffered damages by being beguiled out of his property may compel a satisfaction therefor.
There does not appear to be any substantial reason why he should be debarred of this remedy when he brings his action for the debt, while he would have it if he based his action on the fraud.
The law declares that for the purpose of civil remedies the fraud of one partner is the fraud of all. When, then, a statute gives to the injured party a civil remedy, by way of arrest for a fraud committed in the contraction of debt, it gives that remedy as against all whom the law declares to be parties to the fraud and to be civilly liable for the consequences arising therefrom, unless it contains a special exemption as to some of them.
The provision of the statute in question contains no special exemption; and there does not seem to be any ground or principle on which to exclude, by construction, any of those to whom the law imputes the fraud which was used in the contracting the debt for which the action is brought.
I am aware that some eminent judges and writers have occasionally used expressions which would seem to indicate that, in their opinion, an imprisonment under civil process was intended as a punishment.
The most prominent is the expression of Chief-Justice Marshall in Sturgis v. Crowninshield (4 Wheat., 200), where he says: “ Confinement of the debtor may he a punishment for not performing his contract, or may he allowed as a oneans of induei/ng him to perform it. But the State may refuse to inflict this punishment, or may withhold this means.”
This language was used arguendo while considering the question whether the right to imprison was a part of the contract, in *358 which event a State law could not interfere with it as to existing contracts, or whether it was merely a remedy for the enforcement or consequent upon the breach of a contract, in which event a State legislature had full control over it.
The language of the learned judge imports that it was apparent to his mind that there were, so to speak, two species of confinement ; the one inflicted as a punishment without reference to the enforcement of the contract, and the other allowed simply as a means to enforce the contract without reference to a punishment for its breach; and that while confinement is, in a general sense, punishment in all cases, yet it is not punishment in a legal sense when it is applied as a remedy to enforce a contract. He was considering the power of a State legislature to abolish all confinement; and he used language to express his opinion that such power existed, as well where the confinement was for purposes of punishment as where it was used as a civil remedy for the enforcement of a contract.
The case of The People ex rel. Latorre v. O’Brien (Abbt. Pr. Rep., N. S., vol. 6, p. 63) arose under the non-imprisonment act. That act is entitled “An act to abolish imprisonment for debt, and to punish fraudulent debtors,” and its provisions are strict and severe. The learned judge, in the course of his opinion in the last cited case, reasoning from the title of the act and its strict provisions, expresses his view to be that the act to abolish imprisonment for debt, etc., had for its primary object the punishment of those whom it allowed to be imprisoned, the payment of the debt or appropriation of the debtor’s property to such payment, so far as it would go, being but secondary. It was not necessary thus to decide for the proper determination of that case; therefore the remarks of the judge on this subject are mere obiter. Although entitled to great respect as being the exposition of the views of a learned and able jurist, yet they have not the force of a decision. I am not at present prepared to deny the correctness of his views respecting the statute he was considering, nor is it essential for the purpose of this decision that I should do so.
*359 The arguments in support of the doctrine that the imprisonment under the non-imprisonment act was intended by the legislature as a punishment afford, a strong argument in support of the proposition that imprisonment under the Code was not intended as a punishment.
The legislature, while providing for an arrest under the Code, expressly retained the arrest under the non-imprisonment act.
The title of that portion of the Code under which arrest is provided for is, “ Of the provisional remedies in civil actions,” and the provisions of the title are radically different from those of the non-imprisonment act. Not a word is used, or an intimation given, indicating that it was the design of the legislature that the arrest here provided for was intended to be or was a punishment. On the contrary, the title shows that it was given simply as a remedy in civil actions. A remedy to whom % Clearly to the plaintiff in such an action. A remedy for what ? The loss, damage, or injury for which a civil action may be brought.
Thus, then, assuming the exposition of the non-imprisonment act, as given in the case of The People ex rel. Latorre v. O’Brien, to be correct, we have two acts, by the one of which arrest and imprisonment under its provisions are given as a punishment, and by the other arrest and imprisonment under its provisions simply as a remedy, in contradistinction to the punishment provided for by the former.
There is, then, nothing in either Sturgis v. Crowninshield or The People ex rel. Latorre v. O’Brien which impugns the doctrine above laid down that, in an action against copartners upon a debt due by the firm, all the partners are liable to arrest under the Code, by reason of the fraud of one of them committed in incurring the debt, and this though the others neither actually participated in the fraud nor subsequently made themselves participators by consent or adoption.
I therefore concur in the views of Chief-Justice Bosworth, as expressed in the result drawn by him from his second proposition, and am of opinion that the order below should be reversed, with costs.